## 33735. JACKSON *v.* WILSON.

DECIDED OCTOBER 4, 1951.

*J. D. Godfrey, Casey Thigpen,* for plaintiff.
*Irwin L. Evans,* for defendant.

SUTTON, C. J. Dolphus Jackson filed with the State Board of Workmen's Compensation a claim for compensation against Bascombe Wilson. It appears from the evidence that the claimant was employed by Smith & Wilson, a partnership composed of Paul Smith and Bascombe Wilson; that this firm operated a sawmill, which was located some 25 to 30 miles from the community in which they and their employees lived; and that the employees traveled back and forth from their homes to the sawmill in a truck owned by their employers. The employees worked from noon on Monday until noon on Friday of each week, and their time started when they arrived at the sawmill, which was usually about noon on Monday. On June 5, 1950, at about 9 a.m., the claimant and three or four other employees

were on the truck and went by to pick up Nathan Sams; and when they stopped, Sams said, "I think you treated me wrong this morning," and the claimant told him, "Well, if you think so, take your watch." The claimant told Sams that he had never acted that way before, and Sams replied that he was not acting like he was going to act. Sams went back into the house and came back out and said, "This is the way I am going to act." He then shot the claimant with a shotgun. It appears that these parties had seen each other that morning prior to the shooting, and that the claimant had Sams' watch; and it also appears that Sams was drunk or drinking when the shooting occurred. The claimant returned to his work in about a week after the shooting, at the same pay he was receiving before the shooting, and he worked for five or six weeks and then quit and went to work for another party at another sawmill.

The single director, after stating the evidence, found that the claimant was shot and injured by Nathan Sams while in the truck of one of his employers in preparation of traveling to his job some 25 to 30 miles away; and further found "that this injury arose out of a quarrel or a personal feeling between this claimant and a co-employee who did the shooting, and was in no way connected with or incidental to the performance of the master's business, and therefore did not arise in the course of his employment"; and the director entered an award denying compensation because the claimant failed to show that his injury was the result of an accident arising out of and in the course of his employment.

The finding and award of the single director were approved by the full board and were affirmed by the judge of the superior court. The exception here is to that judgment.

" 'Injury' and 'personal injury' shall mean only injury by accident arising out of and in the course of the employment and shall not, except as hereinafter provided, include a disease in any form except where it results naturally and unavoidably from the accident, nor shall 'injury' and 'personal injury' include injury caused by the wilful act of a third person directed against an employee for reasons personal to such employee." Code (Ann. Supp.), § 114-102. An injury is not compensable where it was caused by the wilful act of a third party directed

against the claimant employee for reasons personal to such employee. It was held in *Lanier v. Brown Bros.*, 44 *Ga. App.* 831 (2) (163 S. E. 263), that, "Where an employee whose duty it is to drive a truck has been called aside by his employer, and, while engaged with the latter in conversation, becomes involved in a personal quarrel with a coemployee over a matter entirely disassociated with the employment of either of the employees, the same being a quarrel between their respective wives, and the coemployee goes away and comes back with a gun, with which he shoots the employee with whom he has been quarreling, and thereby injures him, and where no motive for the shooting appears other than the animosity engendered by the quarrel between the two employees, the injury thus sustained is caused by the 'wilful act' of the person doing the shooting, 'directed against the [other] employee for reasons personal to such employee,' and is not compensable." Also, see *Maryland Casualty Co. v. Peek*, 36 *Ga. App.* 557 (137 S. E. 121).

We think that the evidence was sufficient to authorize the Workmen's Compensation Board to find that the injury complained of was caused by the wilful act of Nathan Sams directed against the claimant on account of a quarrel or personal matter between them, and that the same was in no way connected with or incidental to the performance of their employers' business, and did not arise out of and in the course of the employment.

It may also be observed that the claimant's time did not start until he arrived at the sawmill, which was some 25 to 30 miles distant from the community where he lived and the place where he was injured; that he received the injury complained of about 9 o'clock on a Monday morning; and that he and the other employees did not commence their work at the sawmill until around noon on Mondays.

The finding and award of the board, denying compensation to the claimant, were authorized by the evidence, and the judge of the superior court did not err in affirming the same.

*Judgment affirmed. Felton and Worrill, JJ., concur.*