## 38363. METROPOLITAN LIFE INSURANCE COMPANY *et al.* v. CONEY.

TOWNSEND, Judge. 1. The evidence in this workmen's compensation case is to the effect that the claimant and two other employees of the defendant insurance company, while acting generally within the scope of their employment, were en route by automobile from Orlando to Lakeland, Florida, for the purpose of conferring with a superior officer; that the claimant and his companion in the back seat were generally discussing North-South viewpoints and the segregation issue, either in a jesting manner or seriously, with the employee driver, and that the latter took certain remarks personally as being an effort to discredit him as a "Yankee," became angered and decided not to continue driving the vehicle, which belonged to the claimant; that he slammed on the brakes and came to a sudden stop at the side of the road, and that due to this action on his part the claimant contended that he suffered a whiplash injury in his neck, back, and shoulders. The driver did not stop immediately on being provoked, but drove along "some few minutes" looking for a place to stop, and after proceeding "possibly a mile" found a place where he decided to bring the automobile to a halt. The award in favor of the claimant was affirmed by the full board and by the Judge of the Superior Court of Dougherty County, and this latter judgment is assigned as error.

2. Counsel for the plaintiff in error does not contend that the accident resulted from any wilful misconduct, nor is there any serious effort made to consider this as a horseplay case (neither of which defenses is sustainable) but it is contended that the claimant was not in the course of his employment at the time he received his injury. As to this defense, it is undisputed that the men involved were all employees of the defendant, that it was necessary for them in the course of their employment to be transported from Orlando to Lakeland; that it was proper for this transportation to be by means of the claimant's automobile; that it was proper for the fellow employee to be driving this automobile along the route in question, and that the parties were so engaged when the accident occurred. The operation of a motor vehicle consists in starting it, guiding it, controlling its speed,

and stopping it. If the driver was in the course of his employment in starting and in guiding the automobile, it cannot be seriously argued that either he or the claimant ceased to be in the course of his employment when he stopped it, although his manner of stopping it was negligent and that negligence resulted from emotions personal to himself, and those emotions were elicited by a remark of the claimant or his companion. "Men do not discard their personal qualities when they go to work. Into the job they carry their intelligence, skill, habits of care and rectitude. Just as inevitably they take along also their tendencies to carelessness and camaraderie, as well as emotional makeup. In bringing men together, work brings these qualities together, causes frictions between them, creates occasions for lapses into carelessness, and for fun-making and emotional flareup. Work could not go on if men became automatons repressed in every natural expression." *American Mutual Liability Ins. Co. v. Benford*, 77 Ga. App. 93, 97 (47 S. E. 2d 673). The cases of *Jackson v. Wilson*, 84 Ga. App. 684 (67 S. E. 2d 161); *Fried v. U. S. Fidelity &c. Co.*, 192 Ga. 492 (15 S. E. 2d 704) and similar decisions cited by the plaintiff in error are not in point because they deal with wilful assaults on the claimant by a third person for reasons personal to himself, and it is not here contended that the driver stopped the automobile with the intention of committing any assault or injury on the claimant. Where an employee is in the course of his employment in being transported from one place to another he does not cease to be in the course of that employment because he engages in conversation, and this is true even though his conversation angers the operator and that anger leads to negligence, it not being contended that either party was guilty of a wilful assault and there being no evidence that there was any assault. Where travel by automobile is incident to the employment, the risk of injury by automobile is also an incident thereto, and also the risk of negligence on the part of the driver, as well as the risk that the employment, in bringing men together, will develop frictions which create occasions for lapses into carelessness, as the *Benford* case, supra, pointed out. In negligence law the master is liable for the wilful or negligent torts of his servant acting within the scope of his

employment even though the tort was committed by reason of anger, malice, or ill will. *Frazier v. Southern Ry. Co.,* 200 Ga. 590 (37 S. E. 2d 774). Neither wilful misconduct nor negligence is necessary to a compensation case. That the accident results from negligence induced by the anger of the co-employee makes it no less an accident occurring within the scope of the employment if it is otherwise so. The court correctly denied the appeal based on this ground.

3. The evidence of the medical witness, together with that of the claimant, was sufficient to support a finding that the claimant did in fact suffer a whiplash injury to his neck and shoulders resulting from the sudden and violent stopping of the vehicle in which he was riding, unanticipated by him. The award of compensation is accordingly proper, and the Judge of the Superior Court of Dougherty County did not err in affirming it.

*Judgment affirmed. Gardner, P. J., Carlisle and Frankum, JJ., concur.*

DECIDED JUNE 22, 1960—REHEARING DENIED JULY 13, 1960.

*Greene, Neely, Buckley & DeRieux, Burt DeRieux, James H. Moore,* for plaintiffs in error.

*Roy L. McMurray, Burt & Burt, H. P. Burt,* contra.

ON MOTION FOR REHEARING.

Counsel for the defendant expresses great dissatisfaction in his motion for rehearing because he contends that this court misstated his contentions at the beginning of the second division of the opinion. He contends that he relies on wilful misconduct as a defense and that he has so relied throughout the entire case. However, the misconduct about which he complained in his brief, in his oral argument, and in his motion to rehear is not the misconduct of the claimant but the misconduct of a third person. *Code* § 114-105 relating to misconduct as a defense provides in part as follows: "No compensation shall be allowed for an injury or death due to the employee's wilful misconduct, including intentionally self-inflicted injury, or growing out of his attempt to injure another." *Pinkerton National Detective Agency v. Walker,* 157 Ga. 548 (122 S. E. 202, 35

A. L. R. 557) contains the following language: "The fact that the injury is the result of the wilful or criminal assault of a third person, and the employee is guilty of no misconduct, does not prevent the killing from being accidental within the meaning of the workmen's compensation act." In view of this law, with which we thought counsel for the defense was familiar, we concluded that he was not relying on wilful misconduct as a defense.

Complaint is made in the motion to rehear that the court's analysis of the course of employment in the operation of an automobile consists of starting it, guiding it, controlling its speed, and stopping it. This is referred to as pure sophistry. The principal objection to this analysis of the operation of an automobile seems to be that it includes stopping it. However, we are satisfied with our entire analysis of the operation of an automobile, including the obnoxious element of stopping it, since it is difficult for us, enshrouded as we are in our cloud of sophistry, to envision automobiles in continuous operation. We understand the contention of movant to be that the claimant, who admittedly was in the course of his employment while riding in the automobile, is nevertheless not entitled to compensation because the act of the third person in stopping the automobile was committed by reason of a motive personal to himself. In view of the authorities cited in the second division of our opinion together with the case herein cited, we wonder if the position of counsel for the movant is not itself slightly tainted with sophistry.

The motion to rehear also contains the following statement: "We asked for very little in this case. We do not even ask for justice or equity. All we ask for is that the record in this case be given the construction that it demands." Accordingly, all that has been asked for and more has been granted. The construction demanded by the record has been given the case. The defendant has received justice, a factor obviously not desired by his counsel. Counsel's opinion to the contrary notwithstanding, this is a court of law which cannot grant equitable relief, whether desired or not.