No. 13,625.

LONDON GUARANTEE AND ACCIDENT COMPANY ET AL. *v.* McCOY ET AL.

(45 P. [2d] 900)

Decided May 27, 1935.

14

Mr. WILLIAM E. HUTTON, Mr. J. P. NORDLUND, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. FLOYD F. WALPOLE, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFFS in error are hereinafter referred to as the London Company and the Liberty Company respectively; defendants in error as Mrs. McCoy, Arthur, and the commission respectively; and Mrs. McCoy's deceased husband, Arthur H. McCoy, as McCoy.

This is a workmen's compensation case. McCoy met his death while in the employ of the Liberty Company, whose insurance was carried by the London Company. Mrs. McCoy, for herself and Arthur, filed with the commission her claim for compensation. The claim was allowed. Plaintiffs in error thereupon took the cause to the district court which affirmed the award of the commission and entered judgment accordingly. To review that judgment this writ is prosecuted. Eleven assignments present, in various ways, the simple question, Was the accident which caused McCoy's death one *arising out of* his employment? Two cross assignments present the contention that the action in the district court was not commenced within the time limited by statute.

For an understanding of our conclusion a brief statement of facts is essential. McCoy was a sales agent of the Liberty Company, in which capacity he was in Pueblo August 26, 1933. His employer had made a deal which necessitated the bringing of an automobile bus from Pueblo to Denver. He was directed to arrange for this. In doing so he found it necessary to get in touch with one Mitchell, whom he knew as ''Dick'' but whose true name, under which he appeared in the telephone directory, was Thomas E.; hence McCoy went to the home of one Decino, father-in-law of Mitchell. McCoy not only knew Decino, but had dealt with him and they were on friendly terms. Arriving there he found Decino outside the house and greeted him, but received no answer. He then inquired of Decino's young daughter, there present, if he might use the telephone. She answered in the affirmative and gave him directions. He accordingly entered the house and repeated his request to two other daughters of Decino whom he found there, also asking for Mitchell's telephone number. Having received this he entered another room, called the Mitchell home, learned that Mitchell was absent and, while talking with his wife concerning her husband's transfer of the bus to Denver, was apparently stabbed to death by Decino. The latter, who had been in the insane asylum for one month in the early part of 1932 and three months in the latter part of that year and early in 1933, and voluntarily returned there after McCoy's death, had apparently suffered a sudden return of his insane delusions, procured a butcher knife from an icebox, entered the room and struck down McCoy, then chased his daughters and his wife, with murderous intent, until they escaped from him.

The commission made the following ''findings and award'':

''The decedent on August 26, 1933, while in the employ of the Liberty Trucks and Parts Company, went to the residence of one Nicholas Decino, to telephone a man by the name of Mitchell, regarding a bus that was to be

brought to Denver the next day. He secured permission to· use the telephone and while telephoning, was stabbed to death by Decino, who was at that time a paroled inmate of the State Insane Asylum.

"The referee finds that the death was due to an accident arising out of and in the course of decedent's employment."

The statute involved is section 4389, page 1235, C. L. 1921. It specifies the facts essential to recovery in compensation cases. It is conceded that all these were here present save that the accident which caused McCoy's death was one "arising out of * * * his employment."

In a case of murder on the highway we held the accident need not be one which "might have been anticipated," but that it was sufficient if "after the injury, it can be seen that the injury was incurred because of the employment." *Industrial Commission v. Pueblo Auto Co.,* 71 Colo. 424, 207 Pac. 479; *Industrial Commission v. Hunter,* 73 Colo. 226, 214 Pac. 393. We have also held, in a "lightning" case, that "when one in the course of his employment is reasonably required to be at a particular place at a particular time and there meets with an accident, although one which any other person then and there present would have met with irrespective of his employment, that accident·is one 'arising out of' the employment of the person so injured." *Aetna Life Ins. Co. v. Industrial Commission,* 81 Colo. 233, 236, 254 Pac. 995. More recently we said: "Unless the reason for the attack is shown by the evidence to be in some way peculiar to the employment, then it must be assumed to have been foreign thereto. Before claimant can secure the benefits of the Workmen's Compensation Act, he must trace the injury to a connection with the employment as a contributing proximate cause." *Rocky Mountain Fuel Co. v. Kruzic,* 94 Colo. 398, 401, 30 P. (2d) 868.

At first glance this would seem not only to preclude recovery here but also to overrule the Aetna Life case, supra. Neither conclusion is, however, justified. It must

be noted that in the Kruzic case we also said that it "presents its own peculiar facts and seems to be singularly lacking in evidence that apparently could have been produced"; also that, for all the record disclosed, "this [the wounding of Kruzic] could have happened to him at any other time or place." In other words it was a mere coincidence that Kruzic's assailant happened to find him at his place of employment. The assault had no connection with that employment and would apparently have been made wherever the parties chanced to meet.

In the instant case we have an accident which we probably cannot say "might have been anticipated," but which, in retrospect, we readily discern "was incurred because of the employment"; thus clearly bringing it within the Pueblo and Hunter cases, supra. McCoy was "reasonably required to be at a particular place at a particular time," i. e., the Decino place at the time he phoned. He there met with this accident, doubtless "one which any other person then and there present would have met with irrespective of his employment." Yet such an accident "is one 'arising out of' the employment." Thus bringing it clearly within the Aetna Life case, supra. Here was the Decino home where duty called McCoy. It was reasonable that he should go there in the discharge of that duty at that particular time. There lurked, unanticipated, a mortal danger, an impending accident, i. e., an insane man, with a deadly weapon accessible, about to be driven by a sudden delusion into a murderous assault upon anyone there present. The record does not permit the assumption that the accident could have happened "at any other time or place." It was confined to the identical place and almost the identical moment of the presence of McCoy in the discharge of the duties of his employment. It is as though, in a like discharge, he had walked under a falling timber, or upon a spot where a lightning bolt fell.

Counsel for plaintiffs in error call attention to the fact that our quotation, supra, from the Aetna Life

case is from a concurring opinion. It is so entitled in the report but not so in fact. All seven of the Justices participated, and but one dissented. Four of the others, at least, approved the rule stated in the "concurring" opinion, which thus became, equally with the other, the opinion of the court.

Numerous authorities from other jurisdictions are cited and discussed at length in the 244 pages of briefs with which counsel, in their able and exhaustive presentation, have favored us. We do not discuss them because firmly convinced that our own settle the point. We do not doubt the correctness of the conclusions in the causes herein cited. Under them this accident arose out of McCoy's employment. Such has become the law in this jurisdiction and, as observed in the Aetna Life case, supra, "the remedy, if any, to be applied, rests with the Legislature."

Having thus disposed of this cause on the merits contrary to the contention of plaintiffs in error, it is immaterial whether they filed their cause in the district court in apt time, hence we need not notice the cross assignments.

The judgment is affirmed.

Mr. Chief Justice Butler and Mr. Justice Young concur.