No. 19,245.

State Compensation Insurance Fund *v.*
Harry W. Walter, et al.
(354 P. [2d] 591)

Decided August 8, 1960.

Mr. Harold Clark Thompson, Mr. Louis Schiff, Mr. Alious Rockett, Mr. Fred B. Dudley, for plaintiff in error.

Mr. Duke W. Dunbar, Attorney General, Mr. Frank E. Hickey, Deputy, Mr. Peter L. Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the Court.

HARRY W. WALTER, to whom we will refer as claimant, was awarded workmen's compensation for injuries sustained under the circumstances hereinafter set forth. The insurance carrier, to whom we will refer as the Fund, brought this action in the district court of the City and County of Denver to review the order of the Industrial Commission awarding compensation to claimant. The district court upheld the award and the Fund is here on writ of error directed to that judgment.

As grounds for reversal counsel for the Fund argue that claimant was not performing a service for his employer at the time of the accident and for that reason the injuries were not caused by an accident "arising out of and in the course of his employment." It is also contended that the findings of the Commission are insufficient to support the award.

The supplemental award and final findings made by the Commission are, in pertinent part, as follows:

"Claimant was employed on August 30, 1957 by the University of Colorado. As an employee, claimant was assigned a space in the 'I' zone parking lot, a lot maintained by the University on University property and reserved for employees of the University. This lot is south of Pennsylvania Street. Employees are assigned to a parking space and are not permitted to park elsewhere on the campus.

"Claimant, on that date, was employed at the shop in the stadium, a property of the University which is north of Pennsylvania Street. No ready access from the parking lot to the shop in the stadium is available except by crossing Pennsylvania Street.

"It was customary for employees working in the stadium who used this parking lot to leave the lot on foot

and proceed across Pennsylvania Street to the stadium and to return by the same route.

"During the day the crossing is protected by signs 'Stop for Pedestrians' which are placed each morning and taken in in the evening by the University Police.

"Claimant left work on August 30, 1957 at 5:00 P.M. and proceeded directly toward the assigned parking lot. As he was crossing Pennsylvania Street, he had to jump a ditch, which had been excavated along the side of the roadway and, in alighting, turned his left ankle on a clod. He was disabled from August 30, 1957 to October 21, 1957, when he returned to work. He sustained no permanent disability. His average weekly wage was $49.61.

"The Commission finds that the claimant was proceeding by the route ordinarily used by employees proceeding from the shops in the stadium to the parking lot assigned to employees and that it was necessary for him to cross Pennsylvania Street to reach his parking lot. The stadium is isolated from other parts of the campus by public highways which run through the campus and constitute a sort of 'island' in University property. It is necessary to cross some public street to get from the parking lot to the stadium and return. Claimant was, for all practical purposes, upon University property when the accident occurred. It is an elemental principle of compensation law that the respondent employer is required to furnish safe means of ingress and egress to and from the working place. The Commission, therefore, finds that the claimant's accident arose out of and in the course of his employment."

There is no dispute of any kind in the evidence, and the foregoing quotation accurately sets forth the circumstances under which the accident occurred.

Question to be Determined.

*Where an employee is injured crossing a public street bisecting the premises of his employer while on his way to the place where parking space is assigned to him on*

*the premises of his employer; are such injuries compensable under the Workmen's Compensation Act?*

The question is answered in the affirmative. An accident arises out of and in the course of the employment of a workman when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is to be performed and the resulting injury. *Claimants v. Durango Furniture Mart, et al.,* 136 Colo. 529, 319 P. (2d) 494.

In *Industrial Commission of Colorado, et al. v. Anderson,* 69 Colo. 147, 169 Pac. 135, we find the following:

"By the great weight of authority it appears, *in the absence of special circumstances bringing the accident within the scope of the employment,* that no compensation is recoverable by a workman who is injured while on his way to or from his work." (Emphasis supplied.)

A significant phrase included within the above rule is that portion which has been italicized. Following the Anderson case this court has examined some fact situations to determine whether "special circumstances" were present warranting an award of compensation. Among these appears the case of *Industrial Commission v. Enyeart,* 81 Colo. 521, 256 Pac. 314, involving an accident caused by a mechanical defect in an automobile being driven on the employer's premises while leaving work. It did not involve a defect in the premises or a public road upon the premises. Also of interest is *Aetna Life Insurance Co., et al. v. Industrial Commission, et al.,* 81 Colo. 233, 254 Pac. 995, where an accident occurring to a farm hand on his way from his place of employment was held to be compensable. To like effect is *Industrial Commission v. Moynihan,* 94 Colo. 438, 32 P. (2d) 802, in which an accident sustained by an attorney while driving an automobile on the public highway on his way home from his place of employment was held to be compensable. See also *O. P. Skaggs Company, et al. v. Nixon, et al.,* 101 Colo. 203, 72 P. (2d) 1102. In the re-

cent case of *Divelbiss v. Industrial Commission of Colorado,* 140 Colo. 452, 344 P. (2d) 1084, it was held that an accident occurring while an employee was taking a shower on the employer's premises following the completion of his day's work arose out of and in the course of his employment and was compensable.

■ From the foregoing we glean that "special circumstances" may give rise to benefits under the Workmen's Compensation Law even though the workman has "put down his tools" and is in the act of leaving the premises of his employer.

■ A consideration of the holdings in other states reveals that the main line of American decisions is to the effect that accidents occurring in or enroute to parking lots maintained on its premises or provided by the employer for the benefit of its employees, are compensable as arising out of and in the course of the employment, even though they may occur while the employee is on his way to or from his place of employment and even though they occur on a public road or way dividing the place of employment from the parking lot.

The leading case on this rule comes from Massachusetts, *John Rogers' Case,* 318 Mass. 308, 61 N.E. (2d) 341 (1945), A.L.R. 1394. There the employee was accustomed to come to work in an automobile which would be parked in a parking lot owned and furnished by the employer, where the employer permitted its employees to park. At the time of the injury the automobile was parked as usual in the parking lot. The employee left it to go to work and while still on the lot and going down an incline, fell and broke an ankle. It was no part of the duty of the employee to use an automobile to reach his work. The furnishing of a parking lot was no part of the contract of employment. It was necessary to walk a short distance down the street. It was held by the court that:

"These facts require as matter of law a decree for the employee. Although the employee was not obliged to

come to work in an automobile, and the employer was not obliged by contract to furnish the 'parking lot,' yet it is plain that it did furnish the lot as an incident of the employment, and that the employee while actually on his employer's premises and on his way to the place where his day's work was to be performed by a route which he was permitted and expected to take, fell and was injured. It is of no consequence that a street intervened between the part of the employer's premises where the employee fell and the part where he was to work. The 'parking lot' was used as an adjunct to the factory. The case stands just as it would if the automobile had been parked on the same lot on which the factory' building stood and the employee had fallen while walking from the automobile to the factory door. The injury arose out of and in the course of the employment * * *."

The Massachusetts statute, Annotated Laws of Massachusetts, Vol. 4-B, Ch. 152, Workmen's Compensation, Sec. 26, provides generally that, "If an employee * * *, receives a personal injury arising out of and in the course of his employment, or arising out of an ordinary risk of the street while actually engaged, with his employer's authorization, in the business affairs or undertakings of his employer * * *, he shall be paid compensation * * *." It also provides for compensation to an employee while using a motor vehicle "in the performance of work in connection with the business affairs or undertakings of his employer."

While the Massachusetts statute contains more specific provisions than are found in our statute, it provides, as does our own, that only injuries arising out of and in the course of his employment may be compensated. This compares favorably with conditions (2) and (3) of C.R.S. '53, 81-13-2.

Other cases in which compensation was awarded for injuries sustained on parking lots supplied by the employer for the benefit of his employees are: *Dupont E. I.*

*DeNemours Co. v. Redding,* 194 Okla. 52, 147 P. (2d) 166; *Teague v. Boeing Airplane Co.,* 181 Kan. 434, 312 P. (2d) 220. See also *Koweun v. Bybee,* 182 Ore. 271, 186 P. (2d) 790; and *Pantolo v. Lane,* 185 Misc. 221, 56 N.Y.S. (2d) 227, in which it was held that the remedies available under Workmen's Compensation laws were exclusive and a civil action for damages would not lie where workmen sustained injuries on parking lots maintained by the employer.

The cases above cited do not involve accidents occurring on a private or public street while on the way to or from the place of employment from or to a parking lot provided by the employer. In the following cases accidents occurring under such "special circumstances" were held compensable: *Hughes v. American Brass Co.,* 141 Conn. 231, 104 Atl. (2d) 896; *United States Casualty Co. v. Russell,* 98 Ga. App. 181, 105 S.E. (2d) 378; *Davis v. Devil Dog Mfg. Co.,* 249 N.C. 543, 107 S.E. (2d) 102; *Lewis v. Walter Scott,* 50 N.J.S. 283, 141 Atl. (2d) 807; *Pacific Indemnity Co. v. Industrial Accident Commission,* 28 Cal. (2d) 329, 170 P. (2d) 18; *McCrae v. Eastern Aircraft,* 137 N.J. Law 244, 59 Atl. (2d) 376. Although there is authority to the contrary we follow the rule applied in the foregoing cases. This rule is stated in C.J.S. p. 833 (Workmen's Compensation, §234) as follows:

"Where a parking lot constitutes a part of an employer's premises, or is provided by him, and an injury is sustained by an employee in a fall, or otherwise, while in such lot or while passing between it and his working place, or area, such injury has been held, in some circumstances and by some authorities, to arise out of, or in the course of, the employment, notwithstanding the employer was not obliged by the contract of employment to furnish a parking lot, and the employee was not obliged to come to work in an automobile. * * * "

The findings of the Commission were fully supported by the evidence, and the legal conclusion that "claimant's accident arose out of and in the course of his employ-

556

ment" is in harmony with our view of the applicable rule of law.

The judgment is affirmed.

MR. JUSTICE HALL not participating.