No. 22620.

JOHN B. FINN *v.* INDUSTRIAL COMMISSION OF COLORADO, ADOLPH COORS COMPANY, A CORPORATION, AND LIBERTY MUTUAL INSURANCE COMPANY, A CORPORATION.
(437 P.2d 542)

Decided February 19, 1968.     Rehearing denied March 11, 1968.

Marshall Quait, for plaintiff in error.

Zarlengo, Mott and Carlin, for defendants in error Adolph Coors Company and Liberty Mutual Insurance Company.

Duke W. Dunbar, Attorney General, Frank E. Hickey, Deputy, Peter Dye, Assistant, for defendant in error Industrial Commission of Colorado.

*En Banc.*

Mr. Justice Sutton delivered the opinion of the Court.

This is a writ of error from the denial by the Industrial Commission and the trial court of a claim for Workmen's Compensation by John B. Finn who had suffered an unexplained injury.

Claimant, an employee of the Adolph Coors Company, shortly after reporting for work, was found lying unconscious on the floor of his place of employment with blood running from his ears. It later developed

that he had sustained a small fracture inside his skull along with head abrasions and bruises; and, in addition, his eyes were blackened and his forearms were black and blue. He later surmised that he had been struck by a forklift truck. Actually, however, he did not know what had happened to him and was unable to produce any evidence as to what had occurred. There were no witnesses to any accident or as to how or why he was on the floor. There was testimony that Finn had been in perfect health all his life up to this occurrence. A supervisor who had seen the claimant a few minutes before the accident found him twisted behind some boxes, his feet thrashing as he repeatedly lifted his head which fell striking his face on the floor.

The referee's Findings were that Finn was injured while at work; but as he had failed to prove that his injury arose out of his employment the referee held that it was not compensable. In addition, it was the referee's belief that the onset of the injury was triggered by some "mysterious inner-body malfunction." The Commission concurred in and adopted these Findings and the trial court affirmed.

Claimant's basic position before this court is that a presumption exists that an injury arises out of the employment where there is an unexplained injury which occurred during the course of the employment. In this connection, reliance is placed on our pronouncement in *Industrial Commission v. Havens,* 136 Colo. 111, 118, 314 P.2d 698, 701 (1957). In addition, claimant asserts that the doctrine of *res ipsa loquitur* applies to this type of situation. It is also urged, on grounds hereinafter set forth, that the Workmen's Compensation Act (C.R.S. 1963, Chapter 81) is unconstitutional if it denies Finn the right to sue his employer on a common law basis.

■ The difficulties with claimant's position as to the first ground are several. In the first place the *Havens* case is easily distinguishable from this fact

situation. As pertinent here, in *Havens* the claimants not only proved the decedent's immediate prior good health, but also unaccustomed exertion as well as a blow on the body while unloading his vehicle. We there held that such evidence made out a prima facie case which was unrebutted. Then too, in the instant case, and unfortunately for Finn, he was unable to prove more than that he had something happen to him during his employment. He did not show how or why his condition arose out of his work. He failed to adduce evidence to the point of making a prima facie case. Thus, urging that some of the employer's evidence was erroneous is immaterial. In addition, since there is proper evidence to support the findings, we should not set the denial of award aside. This further demonstrates the inapplicability of *Havens* where we affirmed an award.

We do not agree that a presumption exists that an employee found injured on his employer's premises is presumably injured from something arising out of his work, *i.e.*, that the doctrine of *res ipsa loquitur* or some variation of it applies here. On the contrary, the burden of proof in these cases is on the claimant who must show a direct causal relationship between his employment and his injury. *Havens, supra; Industrial Commission v. London & Lancashire Indemnity Co.*, 135 Colo. 372, 311 P.2d 705 (1957); *Olson-Hall v. Industrial Commission*, 71 Colo. 228, 205 P. 527 (1922). Here there was evidence that claimant had incurred a fracture to his internal skull which was not attributable to disease, epilepsy or a seizure. However, he failed to show how or when he received the fracture and the Commission drew no inference from his testimony to supply a causal connection. We cannot hold as a matter of law that it was compelled to do so.

We note that even if the doctrine of *res ipsa loquitur* did apply in Workmen's Compensation cases (which it does not), it still would not aid this claimant for

there is evidence in the record that would suffice to support the adverse findings against him. *Olson-Hall, supra.*

As to the claim of unconstitutionality of C.R.S. 1963, Chapter 81, we have examined the proceedings and find no merit to such a ground. Neither Equality of Justice (Colorado constitution, Article II, Section 6), nor the Due Process clauses of the State (Article II, Section 25), or the Federal (Fourteenth Amendment) Constitutions have any application to this fact situation. C.R.S. 1963, 81-3-2 abolishes all common law rights and remedies in this type of case except as provided in the Act. See *Great Western Co. v. Erbes,* 148 Colo. 566, 569, 367 P.2d 329, 330 (1961). Also see C.R.S. 1963, 81-4-4. As is pointed out in 58 Am. Jur. *Workmen's Compensation* § 20, the fact that a Commission's award may deprive a claimant of compensation or a common law action, does not make such a statute unconstitutional. Accord: *Tipton v. A.T. & S.F. Ry.,* 298 U.S. 141, 80 L.Ed. 1091, 56 S. Ct. 715 (1935). The reason this is so is because a different remedy has been provided the employee by the legislature — which is within its power so to do.

The judgment is affirmed.