486 P.2d 474 (1971)
Lemuel H. KITCHENS, Plaintiff-Appellee,
v.
DEPARTMENT OF LABOR AND EMPLOYMENT, DIVISION OF LABOR, Kaibab Industries, Inc., a corporation, and Associated Indemnity Corporation, a corporation, Defendants-Appellants.
No. 70-562.
Colorado Court of Appeals, Div. II.
April 13, 1971.
Rehearing Denied May 11, 1971.
Certiorari Denied July 6, 1971.
*475 Samuel Berman, Denver, for plaintiff-appellee.
Peter L. Dye, Asst. Atty. Gen., Denver, for defendant-appellant Dept. of Labor and Employment, Division of Labor.
White & Steele, Stephen K. Gerdes, Denver, for defendants-appellants, Kaibab Industries, Inc., and Associated Indemnity Corp.
Selected for Official Publication.
DUFFORD, Judge.
This is a workmen's compensation case. The Industrial Commission adopted the findings of the Referee and denied compensation to the claimant, Lemuel Kitchens, for injuries resulting from the accidental discharge of a hunting rifle by a fellow employee. Although the Referee found that the claimant was acting within the course of his employment when the accident occurred, he denied compensation on the basis "that a loaded rifle is not a hazard of employment which could be reasonably anticipated to arise out of said employment." On appeal, the District Court reversed the order of the Industrial Commission and ruled that claimant was entitled to compensation as a matter of law. The Industrial Commission; the employer, Kaibab Industries, Inc.; and its insurance carrier bring this appeal from the District Court decision.
Undisputed evidence in the record discloses the following facts. On the morning of the accident, claimant had been given a ride by a fellow-employee, Shephard, to the parking lot of their employer, Kaibab Industries, Inc. While claimant and Shephard were waiting in the parking lot for the arrival of a vehicle which was provided by Kaibab to take its employees from the parking lot to the site of its logging operations, Shephard accidentally discharged his hunting rifle and wounded the claimant in the left foot and right ankle. The rifle was intended to be used for hunting purposes and was not brought for employment purposes. There was no evidence that Kaibab knew of or condoned the carrying of firearms by its employees.

I.
Appellants first challenge those rulings of the Industrial Commission and of the District Court which conclude that the claimant was acting in the course of his employment when the accident occurred. It is argued here that the sole purpose for the hunting rifle being in the pickup truck was the recreational intent of Shephard, the co-employee, and that, therefore, this case is controlled by the cases of Industrial Commission v. Day, 107 Colo. 332, 111 P.2d 1061, and Murphey v. Marquez, 155 Colo. 89, 393 P.2d 553, in which compensation was denied. Industrial Commission v. Day, supra, involved a police officer who was accidentally shot while attending a police-sponsored turkey shoot. Murphey v. Marquez, supra, involved roofers who carried shotguns on the job site to shoot pigeons. In each of these cases the claimant was an active participant in the recreational activities which our Supreme Court determined to be outside the course of the claimant's employment. The instant case is distinguishable on the basis that the claimant here was not participating in any recreational activities which led to his injury. He had not at any time "stepped aside" from the course of his employment.
More directly in point is State Compensation Insurance Fund v. Walter, 143 Colo. 549, 354 P.2d 591, in which the Supreme Court ruled that an employee was entitled to compensation. In that case, the claimant was injured when he was crossing a public street which bisected the premises of his employer while on his way to the place where parking space was assigned to him on the premises of the employer. Also see Divelbiss v. Industrial Commission, 140 Colo. 452, 344 P.2d 1084.
In the case now before us, it is true that claimant's actual pay did not start until he *476 arrived at the site of the logging operations, but the nature of those operations required Kaibab, the employer, to furnish transportation for its employees from the parking lot to the site of actual logging operations. As a corollary, it was also required that the employees be within the parking lot to await that transportation. Under these circumstances, the decisions in Walter and Divelbiss apply, and the conclusion of the Industrial Commission, and of the District Court, that the claimant was acting within the course of his employment when the accident occurred was correct.

II.
Appellants also contend that, even if the claimant was within the scope of his employment, his injury was not compensable because it was of a type and resulted from an instrumentality not ordinarily common to his employment. That being the case, it is their position that it did not "arise out of his employment" as our statute requires.
The cases principally argued by appellants in support of their position are Rocky Mountain Fuel Co. v. Kruzic, 94 Colo. 398, 30 P.2d 868, and McKnight v. Houck, 87 Colo. 234, 286 P. 279, which are both gunshot-injury cases.
The Kruzic case involved a logger who was shot by an outsider while in the course of his employment. In the later decision of London Guarantee and Accident Co. v. McCoy, 97 Colo. 13, 45 P.2d 900, our Supreme Court severely limited the effect of the Kruzic case, stating as follows:
"* * * It must be noted that in the Kruzic Case we also said that it `presents its own peculiar facts and seems to be singularly lacking in evidence that apparently could have been produced'; also, that for all the record disclosed, `this [the wounding of Kruzic] could have happened to him at any other time or place.' In other words, it was a mere coincidence that Kruzic's assailant happened to find him at his place of employment. The assault had no connection with that employment and would apparently have been made wherever the parties chanced to meet."
McKnight v. Houck, supra, dealt with two ranch hands who were practicing their quick draw when one was fatally wounded. Unlike the present case, in McKnight the claimant was actively participating in horseplay which led to his injury. As we view that case, it involved (as do most of the "horseplay" or recreational cases where compensation is denied) a situation where the claimant's injuries resulted from the fact that the claimant had temporarily deviated from and stepped aside from the course of his employment. In the cases of Industrial Commission v. Employers Casualty Co., 136 Colo. 396, 318 P.2d 216, and Gates Rubber Co. v. Industrial Commission, 112 Colo. 480, 150 P.2d 301, compensation was allowed to employees who did not participate in the horseplay which resulted in their injuries.
In Aetna Life Insurance Co. v. Industrial Commission, 81 Colo. 233, 254 P. 995, our Supreme Court made a full statement of the rule that in cases involving injuries of an origin not common to a particular type of employment, if an employee's work positions him where he was when injured, and if it is demonstrated that his injury would not have occurred but for that fact, the required causal connection between the employment and the injury has been established. Where that is established, the injury is regarded as having arisen out of his employment. In setting forth this rule in Aetna, the Supreme Court expressly stated it was obligated to reach such result under existing precedents. It further stated any change in the rule would have to result from legislative modification. The rule was restated in London Guarantee and Accident Co. v. McCoy, supra, and was made one of general application. It has not been overruled, and is binding in this case.
Applying this test to the facts of the instant case, we rule, as did the District Court, that claimant's injuries arose out of *477 his employment as a matter of law. Claimant was injured while doing what he was obligated to do under the terms of his employment, and the accident would not have happened but for the fact that the conditions or obligations of the employment put him in the position where he was injured.
The judgment of the District Court is affirmed, and this cause is remanded to the Industrial Commission for further proceedings and the entry of award on a basis consistent with this opinion.
SILVERSTEIN, C. J., and ENOCH, J., concur.