514 P.2d 330 (1973)
ARCHER FREIGHT LINES, INC., and Truck Insurance Exchange, Petitioners and Cross-Respondents,
v.
HORN TRANSPORTATION, INC., and Commercial Standard Insurance Company, Cross-Petitioners and Respondents, and
Director of Division of Labor, Department of Labor and Employment of the State of Colorado, et al., Respondents.
No. 72-248.
Colorado Court of Appeals, Div. II.
July 17, 1973.
Rehearing Denied August 8, 1973.
*331 Wolvington, Dosh, DeMoulin, Anderson & Campbell, William P. DeMoulin, Denver, for petitioners and cross-respondents Archer Freight Lines, Inc. and Truck Ins. Exchange.
Wood, Ris & Hames, F. Michael Ludwig, Denver, for cross-petitioners and respondents Horn Transportation, Inc. and Commercial Standard Ins. Co.
Duke W. Dunbar, Atty. Gen., John P. Moore, Deputy Atty. Gen., Peter L. Dye, Asst. Atty. Gen., Denver, for respondents Director of Division of Labor, Dept. of Labor and Employment of the State of Colo. and The Industrial Commission of Colo.
Richard T. Goold, Denver, Gerald M. Madsen, Littleton, for respondents claimants in the Matter of the Death of William S. Jones.
Selected for Official Publication.
DWYER, Judge.
This is a petition to review a final order of the Industrial Commission awarding death benefits under the Workmen's Compensation Act of Colorado.
Decedent, William S. Jones, was the owner of a commercial tractor used for hauling freight. Decedent furnished his tractor to Horn Transportation, Inc., (Horn) under a long term lease and agreed to operate the equipment for Horn. On March 16, 1971, decedent was dispatched to Archer Freight Lines, Inc., (Archer). Under instructions of Horn, he executed an "Agreement Contract and Lease" wherein he agreed to haul certain materials for Archer to Sioux Falls, South Dakota. Pursuant to this "trip lease" decedent delivered the shipment to its destination on the afternoon of March 17, 1971. He arrived too late to unload the trailer, so he unhitched it and left it at the delivery site. Decedent telephoned Archer, but the call was taken by Horn's operations supervisor who was in Archer's office. Decedent was instructed to report to the delivery site at 8:00 A.M. the next morning to assist in the unloading and to telephone Horn after the trailer was unloaded.
It was stipulated that on the evening of March 17, 1971, at sometime prior to 11:43 P.M., decedent was injured in Sioux Falls when his tractor collided with a light pole. On March 21, 1971, Jones died as a result of head injuries sustained in the collision.
On April 23, 1971, decedent's wife, Helen S. Jones, and her minor daughter, filed a dependent's notice and claim for compensation before the Industrial Commission. Their claim was heard by a referee, who, thereafter, entered an order awarding maximum compensation to the claimants. By order dated July 28, 1971, the referee found that decedent was a special employee of Archer at the time of his death; that he was required to be away *332 from home because of his duties; that he was performing duties incident to living away from home; and that he was performing acts incident to his employment. Upon these findings the referee concluded that Jones' death resulted from injuries sustained in an accident arising out of and in the course of his employment and ordered Archer's insurer, Truck Insurance Exchange, Inc., to pay compensation. The referee dismissed the claim against Horn and its insurer, Commercial Standard Insurance Company. Upon a petition for review filed by Archer and its insurer, the referee entered a supplemental order dated March 24, 1972, in which he incorporated by reference the findings in his previous order and made additional findings. He found that by the terms of the "Agreement Contract and Lease" Horn had agreed to pay the decedent's compensation coverage. The referee ordered Horn's insurer to pay compensation to the claimants. On review, the Industrial Commission approved, affirmed, and adopted both the referee's initial findings and supplemental order. Archer and Horn and their insurers have filed this petition for review seeking reversal of the final order of the Commission.
Archer contends that the Commission's finding, that decedent was a special employee of Archer at the time of his death, is erroneous because the evidence does not establish that there was a new contract of hire existing between decedent and Archer, or that control over the decedent passed from Horn to Archer. C.R.S.1963, 81-13-1, provides that the "loaning employer" shall be liable for workmen's compensation:
". . . unless it shall appear from the evidence in said case that said loaning constitutes a new contract of hire, express or implied, between the employee whose services are loaned and the person to whom he was loaned."
There is a conflict in the evidence upon the question whether decedent was a special employee of Archer at the time of his death. The Commission resolved this matter against Archer. The weight and sufficiency of the evidence and the inferences drawn therefrom are matters solely within the prerogative of the Industrial Commission. The findings of fact of the Commission based on conflicting evidence are conclusive on review. Crandall v. Watson-Wilson Transportation System, Inc., 171 Colo. 329, 467 P.2d 48.
The instant case is controlled by American Red Ball Transit Co., Inc. v. Industrial Commission, 145 Colo. 509, 359 P.2d 1018. In that case, our Supreme Court held that a truck driver, whose general employer lent him to an interstate carrier pursuant to a lease, became a special employee of the interstate carrier for the purposes of liability for workmen's compensation. Upon the basis of this authority, the Commission properly concluded that decedent was a special employee of Archer.
Archer contends that the decedent was an independent contractor and that thus it was not an "employer" of decedent within the meaning of the Workmen's Compensation Act. Thus, it contends that it has no liability for any award of benefits under the Act. The work contracted out by Archer was part of its regular business operation that ordinarily would have been accomplished by its own employees. Under such circumstances, Archer is by statute construed to be an employer. C.R.S.1963, 81-9-1. See American Red Ball Transit Co. v. Industrial Commission, supra. Thus, the Commission was correct in finding that Archer was an employer.
It is also argued that the decedent was not in the course and scope of his employment at the time the accident occurred. Prior to the accident in which decedent sustained his fatal injuries he had been at a V.F.W. post. Testimony was presented that the decedent telephoned his wife from the V.F.W. post and expressed his intention to obtain lodging for the night. Acts of self ministration, such as eating, obtaining lodging, and going to and from those places have been held incidental to and within the scope of employment of an employee *333 required to be away from home on behalf of his employer. Alexander Film Co. v. Industrial Commission, 136 Colo. 486, 319 P.2d 1074. See Pat's Power Tongs, Inc. v. Miller, 172 Colo. 541, 474 P.2d 613. Although at the time of the accident, the decedent was operating the tractor without the trailer, which he unhitched at the delivery site, the fact that he was required to remain in Sioux Falls to assist in the unloading makes the acts he was performing while there incidental to his employment. The findings of the Commission with respect to the liability of Archer are supported by the evidence.
The Commission's finding that Horn and its insurer were liable for the payment of compensation because Horn had agreed in the "Agreement Contract and Lease" to pay the decedent's workmen's compensation coverage was outside the jurisdiction of the Commission. In Sechler v. Pastore, 103 Colo. 139, 84 P.2d 61, it was held that the jurisdiction of the Commission is limited to a determination of the right of an employee to compensation and to a determination of who is liable for the award under the statute. Collateral issues relating to the contractual rights and liabilities between the employers are of no concern to the employee and should be resolved by a court in an independent proceeding in which the employee should not be required to participate.
The findings, conclusions, and order of the referee, dated July 28, 1971, are correct. The findings, conclusions, and order of the referee, dated March 24, 1972, and the final order of the Commission based thereon, are beyond the jurisdiction of the Industrial Commission. The rights and obligations between Archer and Horn and their insurers must be resolved in a tribunal other than the Commission.
The final order is set aside and the cause remanded with directions to enter an order consistent with the views herein expressed.
SILVERSTEIN, C.J., and PIERCE, J., concur.