581 P.2d 748 (1978)
Martin D. VELASQUEZ and James F. Sanchez, Petitioners,
v.
INDUSTRIAL COMMISSION of Colorado, Juereta P. Smith, Director of Division of Labor and Employment, State Compensation Insurance Fund and City and County of Denver, Respondents.
No. 77-1078.
Colorado Court of Appeals, Div. II.
June 29, 1978.
Pepper & Rubin, P. C., Eugene M. Pepper P. C., Denver, for petitioners.
J. D. MacFarlane, Atty. Gen., David W. Robbins, Deputy Atty. Gen., Edward G. Donovan, Sol. Gen., Timothy R. Arnold, Asst. Atty. Gen., Denver, for respondent Industrial Commission of Colorado.
William J. Baum, Denver, for respondents State Compensation Ins. Fund and City and County of Denver.
SILVERSTEIN, Chief Judge.
Petitioners seek review of a final order of the Industrial Commission denying their respective claims for workmen's compensation benefits. We affirm.
The determinative issue presented for review is whether the Commission erred in concluding that petitioners' injuries did not arise out of their employment with the respondent City and County of Denver.
The record discloses that petitioners were both shot by a co-employee while they were at work. The co-employee believed that petitioners were responsible for making a number of obscene telephone calls to his wife, and the Commission expressly found that: "The record is devoid of any evidence indicating that the motivation for the assault was in any way related to the employment. . .." Since this finding is supported by the record, it will not be disturbed upon appellate review. Archer Freight Lines, Inc. v. Horn Transportation, Inc., 32 Colo.App. 412, 514 P.2d 330 (1973).
In Kitchens v. Department of Labor and Employment, 29 Colo.App. 374, 486 P.2d 474 (1971), this court analyzed the rule applicable to workmen's compensation cases involving injury from risks not common to a particular type of employment as follows:
"In Aetna Life Insurance Co. v. Industrial Commission, 81 Colo. 233, 254 P. 995, our Supreme Court made a full statement of the rule that in cases involving injuries of an origin not common to a particular *749 type of employment, if an employee's work positions him where he was when injured, and if it is demonstrated that his injury would not have occurred but for that fact, the required causal connection between the employment and the injury has been established." (Emphasis in original.)
In the present case, although petitioners were injured on the premises of their employer, they failed to establish that their injuries would not have occurred but for the fact that their employment positioned them where they were when injured. This is evident from the fact that the shooting could have happened at any other time or place, wherever and whenever, the co-employee happened to find the petitioners.
Accordingly, the Commission was correct in concluding that the required causal connection between the employment and petitioners' injuries was not established. Kitchens v. Department of Labor and Employment, supra.
Further, "[w]hen the animosity or dispute that culminates in an assault is imported into the employment from claimant's domestic or private life, and is not exacerbated by the employment, the assault does not arise out of the employment under any test." 1 A. Larson, The Law of Workmen's Compensation § 11.21; see Jackson v. Wilson, 84 Ga.App. 684, 67 S.E.2d 161 (1951).
Order affirmed.
KELLY and STERNBERG, JJ., concur.