Johnnie C. IRWIN, Petitioner,

v.

INDUSTRIAL COMMISSION of the State of Colorado, Stanley Smith Security, Inc., and Employers National Insurance Company, Respondents.

No. 83CA1468.

Colorado Court of Appeals, Div. III.

Sept. 27, 1984.

Rehearing Denied Nov. 1, 1984.

Certiorari Denied Feb. 4, 1985.

Maley & Schiff, P.C., John T. Maley, Denver, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert C. Lehnert, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Gregg C. McReynolds, Denver, for respondents Stanley Smith Security, Inc., and Employers National Insurance Company.

METZGER, Judge.

In this workmen's compensation case, claimant, Johnnie C. Irwin, seeks review of a final order of the Industrial Commission denying and dismissing her claim for benefits for injuries sustained during an unexplained fall while on the job. We affirm.

The pertinent facts were stipulated by the parties. On October 22, 1980, claimant began working as a security guard trainee for Stanley Smith Security, Inc. On that day, after she had been on the job approximately three and one-half hours in the lobby of the building to which she was assigned, "suddenly, without warning, and for reasons which are as yet unknown, she fainted and fell to the floor." She was treated for injuries to her low back, coccyx, neck, and left leg. At the time the stipulation was filed in March 1983, claimant had been unable to return to work since her fall and her present condition included numbness in her left hand and her entire left side, pain in her lower back, and weakness and tingling in her left leg. The stipulation also indicated that, prior to the incident in the instant case, claimant had a history of attacks wherein she would lose consciousness or black out.

The hearing officer found that claimant had suffered a compensable injury. Although finding that the reasons for claimant's fall were "as yet unknown," the hearing officer concluded that claimant's low back injuries were proximately caused by her passing out and falling, and that these injuries arose out of, and were in the course of, her employment and were not intentionally self-inflicted.

The Commission reversed, finding that claimant had not met her burden of proof. Relying on *Finn v. Industrial Commission*, 165 Colo. 106, 437 P.2d 542 (1968), the Commission concluded that "the case is one of an unexplained fall and possibly the resulting injury from the fall, but in which there is not substantial and competent evidence to establish that the injury or fall arose out of and in the course of employment."

■ On review, claimant first contends that respondents' petition for review of the hearing officer's order was insufficient because it failed to "specify in detail the particular errors and objections," as required by § 8–53–106(3), C.R.S. (now § 8–53–111(1), C.R.S. (1983 Cum.Supp.)). Because no objection was raised by claimant until after the Commission entered its order, we decline to address this issue.

Claimant also contends, in substance, that the Commission erred in concluding that her injury did not arise out of and in the course of her employment. We disagree.

■ Clearly, claimant fell in the course of her employment. *See Deterts v. Times Publishing Co.*, 38 Colo.App. 48, 552 P.2d 1033 (1976). The critical issue is whether claimant's injury arose out of her employment.

■ For an injury to arise out of employment, there must be a causal connection between the duties of employment and the injury suffered. *See Finn v. Industrial Commission, supra; Deterts v. Times Publishing Co., supra.* However, for an injury to arise out of employment it need not always be a direct result of an employment-related cause; *e.g.,* a falling hammer or exposure to harmful gases or liquids. Rather, injuries also have been held to arise out of employment where, although the direct cause of the injury is not employment related, an employee's work placed him in a position in which he ultimately sustained an injury.

This positional-risk doctrine was first developed in Colorado in *Aetna Life Insurance Co. v. Industrial Commission*, 81 Colo. 233, 254 P. 995 (1927). *See* 1 A. Larson, *Workmen's Compensation Law* § 8.12 at 3–22 through 3–24 (1983). In *Aetna,* a farm hand, while in the course of his employment, was killed when he was struck by lightning. The positional-risk doctrine, as distilled from *Aetna,* provides that:

"[I]n cases involving injuries of an origin not common to a particular type of employment, if an employee's work positions him where he was when injured, *and* if it is demonstrated that his injury would not have occurred *but for that fact,* the required causal connection between the employment and the injury has been established." *Kitchens v. Department of Labor & Employment,* 29 Colo.

App. 374, 486 P.2d 474 (1971) (emphasis in original).

Since *Aetna,* the positional-risk doctrine has been applied to allow compensation where a direct employment cause is lacking. *See London Guarantee & Accident Co. v. McCoy,* 97 Colo. 13, 45 P.2d 900 (1935) (employee murdered by insane man while in course of employment); *Kitchens v. Department of Labor & Employment, supra* (employee injured when co-employee accidently discharged hunting rifle).

In contrast, in *Velasquez v. Industrial Commission,* 41 Colo.App. 201, 581 P.2d 748 (1978), this court upheld the denial of compensation to two claimants who were shot by a perturbed co-employee who believed that claimants were responsible for making obscene telephone calls to his wife. In applying the positional-risk doctrine, the court noted that although the claimants were injured at work, they failed to establish the requisite causal connection because "they failed to establish that their injuries would not have occurred but for the fact that their employment positioned them where they were when injured." That is, the shooting could have happened wherever and whenever the co-employee found the claimants.

▄▄▄ Here, since the facts are undisputed, we are not bound by the Commission's legal conclusions. *See Deters v. Times Publishing Co., supra.* As noted above, the absence of a direct employment cause for claimant's fall does not preclude recovery. However, claimant bore the burden of proof to bring herself within the parameters of the test stated in *Kitchens v. Department of Labor & Employment, supra. See Velasquez v. Industrial Commission, supra.* Although the parties stipulated that the reasons for the fall were as yet unknown, the parties also stipulated that claimant had a history of blacking out and losing consciousness. In light of this history, claimant failed to establish the "but for" requirement, since her fall could have happened at any other time or place. *See Velasquez v. Industrial Commission, supra.* Accordingly, the Commission cor-

rectly concluded that claimant had failed to establish that her injuries arose out of her employment.

We leave open for determination at a further time the question whether a truly unexplained fall, with no exigent circumstances present, arises out of employment and is compensable. *See generally* 1 A. Larson, *supra,* § 10.31 at n. 71. *But cf. Finn v. Industrial Commission, supra.*

The order is affirmed.

KELLY, J., concurs.

TURSI, J., dissents.

TURSI, Judge, dissenting.

I respectfully dissent.

The dispositive question here is whether the injuries sustained in the fall were caused by an *accident* arising out of and in the course of Irwin's employment. The answer is yes.

Section 8–41–108(1), C.R.S., reads:

" 'Accident' means an unforeseen event occurring without the will or design of a person whose mere act causes it; an unexpected, unusual, or undesigned occurrence; or the effect of an unknown cause or, the cause being known, an unprecedented consequence of it."

Section 8–41–108 must be read in conjunction with § 8–52–102, C.R.S., which provides:

"The right to the compensation provided for in articles 40 to 54 of this title, in lieu of any other liability to any person for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:

(a) Where, at the time of the accident, both employer and employee are subject to the provisions of said articles and where the employer has complied with the provisions thereof regarding insurance;

(b) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment;

(c) Where the injury or death is proximately caused by an accident arising out of and in the course of his employment and is not intentionally self-inflicted.

Here, the injuries sustained by claimant arose from an accident which occurred while she was performing services arising out of and in the course of her employment. Further, the injuries for which the referee awarded compensation were limited to those proximately caused by the accidental fall which arose out of and in the course of her employment.

Although claimant had previous blackouts, none of them resulted in injuries. The injuries sustained here were caused by falling against the marble wall and onto the floor of the lobby in the building claimant was assigned to guard.

Therefore, whether we analyze the case as an unexplained fall, *see* 1 *A. Larson, Workmen's Compensation Law* § 10:31, (1984) or as internal weakness causing the fall, 1 *A. Larson, supra* § 12:10, under the facts of this case, the referee properly awarded compensation for the injuries caused by claimant's work site fall.

Thus, although the cause of claimant's fainting spells are not compensable, *see Finn v. Industrial Commission*, 165 Colo. 106, 437 P.2d 542 (1968); *Velasquez v. Industrial Commission*, 41 Colo.App. 201, 581 P.2d 748 (1978), the injuries she sustained during her fall are. Cases relied upon by the Industrial Commission and the majority are inapposite either on their facts or the applicable statutes.

I would therefore set aside the order of the Industrial Commission and remand to the Commission with instructions to reinstate the referee's order granting benefits for the injuries sustained in the fall.