Richard RENDON, Petitioner and Cross–Appellee,

v.

UNITED AIRLINES, Respondent and Cross–Appellant,

and

The Industrial Claim Appeals Office of the State of Colorado, Respondent.

Nos. 93CA1861, 93CA1864.

Colorado Court of Appeals, Div. I.

Aug. 25, 1994.

Brauer, Buescher, Valentine, Goldhammer & Kelman, P.C., Joseph M. Goldhammer, Ellen M. Kelman, Denver, for petitioner and cross-appellee.

Clifton, Hook & Bovarnick, P.C., Clyde E. Hook, Frank M. Cavanaugh, Denver, for respondent and cross-appellant.

Gale A. Norton, Atty. Gen., Stephen K. ErkenBrack, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., James C. Klein, Asst. Atty. Gen., Denver, for respondent.

Opinion by Judge METZGER.

In these consolidated cases, Richard Rendon, claimant, and United Airlines, the self-insured employer, seek review and/or certiorari from an order of the Industrial Claim Appeals Panel that awarded claimant temporary total disability benefits for two mental stress claims. We grant certiorari on certain of the issues raised by employer, and affirm in part, set aside in part, and remand with directions.

The Administrative Law Judge (ALJ) found that the first injury (W.C. Nos. 3–969–472 and 3–969–757) consisted of harassment that occurred in 1988 and 1989 when claimant's homosexuality was referred to in derogatory terms or in an offensive manner in the presence of other co-workers and culminated in two assaults of claimant in the employee's parking lot. As a result of these incidents, claimant was treated for post-traumatic stress disorder and was unable to work from February 1 through March 22, 1989.

The second injury (W.C. No. 4–119–228) began in October 1991, when claimant overheard a derogatory reference to homosexuals by a co-worker and reported it to his supervisor. After being reprimanded, the co-worker filed a "sexual harassment complaint" against the claimant, which was later found to have been filed out of revenge. Because claimant was required to be represented during the internal disciplinary proceedings by one of the individuals who had previously assaulted him, the ALJ found that the employer did not act in good faith in refusing to continue the hearing until another union steward could represent claimant.

The ALJ further found that both the claimant and the co-worker were given a "stern warning" and advised to "stay away from each other." Therefore, the ALJ concluded that these actions by the employer validated the co-worker's prejudice against claimant and could not be considered to have been taken in good faith. Thus, the ALJ found that claimant suffered a compensable stress reaction that caused him to be off work from November 5, 1991, through March 23, 1992.

Claimant missed no time from work between March 1989, and November 1991. Therefore, the ALJ concluded that the 1989 injury was governed by the pre–1991 law and that the 1991 injury was governed by the law applicable to injuries occurring on or after July 1, 1991. On review, the Panel affirmed the ALJ's award of temporary disability for both injuries, and both parties sought review and/or certiorari of the Panel's order.

### I.

The claimant's petition to review was dismissed by the Panel as not timely filed because the certificate of mailing did not indicate that the petition to review had been mailed to the ALJ. Claimant contends that the Panel's determination is not supported by applicable law and that it elevates form over substance. He argues that the cover letter which was attached to his petition and which forwarded the petition to the ALJ was signed

by the secretary whose obligation it would have been to sign the certificate of mailing. Therefore, he contends, the cover letter serves the identical function as a certificate of mailing. Thus, claimant maintains that his petition was timely filed on the date of mailing. We agree.

■ Section 8–43–301(2), C.R.S. (1993 Cum.Supp.) provides for the filing of a petition for review from an order of the director or an ALJ to the Panel and states in relevant part:

Such petition shall be filed within twenty days from the date of the certificate of mailing of the order, and, unless so filed, such order shall be final. The petition to review may be filed by mail, and shall be deemed filed upon the date of mailing, as determined by the certificate of mailing, *provided the certificate of mailing indicates that the petition to review was mailed to the appropriate administrative law judge or to the director, if appropriate.* (emphasis added)

The emphasized portion of § 8–43–301(2) was added in April 1992. *See* Colo.Sess.Laws 1992, ch. 226 at 1803. Nevertheless, because this constitutes a procedural change, it applies to both of claimant's injuries. *See Kinninger v. Industrial Claim Appeals Office,* 759 P.2d 766 (Colo.App.1988).

Here, the claimant's petition to review was not received until March 10, two days beyond the statutory deadline. However, the petition to review was accompanied by a cover letter showing that it had been mailed to the ALJ within 20 days of the ALJ's order.

Although use of a certificate of mailing is the better practice, under the circumstances here, we can see no meaningful distinction between the purpose or content of the cover letter and the certificate of mailing. Both were designed to ensure that the accompanying materials were directed to the proper recipient in a timely fashion.

Accordingly, we conclude that the claimant substantially complied with the requirements of § 8–43–301(2) and the Panel erred in determining that claimant's petition to review was untimely filed. *See Hawkins v. State Compensation Insurance Authority,* 790 P.2d 893 (Colo.App.1990).

However, because the Panel dismissed claimant's petition to review, it did not address the issues he raised. Therefore, the Panel's order is not final as to those issues, and we remand this matter to the Panel for determination of the issues raised by claimant.

## II.

In its combined petition for review and petition for certiorari, employer first contends that the Panel erred in determining that claimant's mental and emotional stress claims were inherently connected to, and arose out of, his employment.

### A.

As a preliminary matter, since this argument relates both to the 1988–89 injury and the 1991 injury, we conclude that review is governed, in part, by the former appeal procedures, and, in part, by the procedure for certiorari applicable to injuries occurring on or after July 1, 1991. *See* Colo.Sess.Laws 1991, ch. 219, § 8–43–301(10) and § 8–43–301(11) at 1322, 1342 (Senate Bill 218).

To the extent the certiorari procedure applies, we conclude that the issue concerns a matter of substance that has not been previously addressed and have therefore granted certiorari. C.A.R. 46(a)(6).

### B.

■ Employer argues that claimant's injuries were the result of actions that were inherently private in origin because the feelings, animosities, and biases of both claimant and his co-worker were "imported" into the work environment. We are not persuaded.

■ An assault is compensable if it grew out of an argument over the performance of work, possession of work tools or equipment, delivery of a paycheck, quitting or being terminated, or mediating between co-employees. However, injuries have an inherent connection with the employment and are compensable even if the subject of the dispute is unrelated to the work and if the

work merely brought the employees together and created the relations and conditions resulting in the dispute. *In re Question Submitted by U.S. Court of Appeals,* 759 P.2d 17 (Colo.1988) (fn. 8).

In such circumstances, the cause of the event is the friction and strain created by the work environment that places claimant in a position to receive the impact of his co-worker's personality and increases the likelihood of assault. It is because of the employment, and only because of the employment, that the claimant is subjected to his tormentor as an established fixture of the employment environment. 1 A. Larson, *Workmen's Compensation Law* § 11.16(a) at 3–261, 3–264 (1993).

Furthermore, it is solely the obligations of the employment that compel the association of the employees, which would otherwise not come about, and it is this enforced and uneasy association that leads to the explosive finale. 1 A. Larson, *supra* § 11.22 at 3–296. "Like the stray bullet, the topic of dispute may arrive from outside the boundaries of the employment without affecting the result." 1 A. Larson, *supra,* § 11.16(a) at 3–266.

In addition, the fact that a claimant or a fellow employee may overreact to an adverse condition of employment or that the overreaction may stem from some unusual quality of either employee's personality does not alter the fact that the subject of that reaction had an inherent connection with employment. *See Triad Painting Co. v. Blair,* 812 P.2d 638 (Colo.1991).

Accordingly, we conclude that the mere fact that claimant and his co-workers may have developed their own beliefs and biases concerning homosexuality outside the boundaries of work does not transform their quarrels, which resulted from the forced proximity of the work environment, into quarrels that were imported solely from their private and personal lives.

Here, the ALJ found that claimant and the co-workers who were involved in the assaults or incidents underlying the stress claims had no contact outside of work. Indeed, employer concedes that the claimant's employment brought him in close proximity to his assailants.

Thus, employer's reliance on *Velasquez v. Industrial Commission,* 41 Colo.App. 201, 581 P.2d 748 (1978) is misplaced. There, compensation was denied based upon the fact that the assault was imported from the private lives of an employee and his spouse, and the shooting could have happened at any other time or place, wherever and whenever the employee happened to find the co-employees.

### III.

The ALJ also concluded that the employer did not act in good faith when it conducted the 1991 disciplinary hearing regarding the co-worker's charge that claimant had "sexually harassed" him. Accordingly, the ALJ determined that this second injury was a compensable mental impairment claim under § 8–41–301(2)(a), C.R.S. (1993 Cum.Supp.), and the Panel affirmed.

### A.

Employer first contends that the Panel erred in determining that it did not act in "good faith" as that term is used in § 8–41–301(2)(a). Because a remand is necessary, we need not address this contention.

The pertinent provision was amended for injuries occurring on or after July 1, 1991, and now provides in relevant part that:

> A mental impairment claim shall not be considered to arise out of and in the course of employment if it results from a disciplinary action, work evaluation, job transfer, lay-off, demotion, promotion, termination, retirement, or similar action taken in *good faith* by the employer. (emphasis added)

Section 8–41–301(2)(a), C.R.S. (1993 Cum. Supp.).

This issue concerns the second injury which occurred in October and November 1991. However, claimant argued in his petition for review, which was dismissed by the Panel, that: (1) he suffered from a single occupational disease which was incurred prior to the 1991 amendments to the Workers' Compensation Act, and (2) even if the 1991 amendments apply to the second claim, that claim is not one for "mental impairment."

Thus, the Panel's resolution of claimant's issues may render § 8–41–301(2)(a) inapplicable.

### B.

■ Employer also asserts that the Panel erred in determining that the 12–week limitation of § 8–41–301(2)(b), C.R.S. (1993 Cum. Supp.) applies only to medical impairment benefits awarded for permanent disability and does not apply to temporary disability benefits. We disagree.

In *City of Thornton v. Replogle,* 873 P.2d 30 (Colo.App.1993), this court approved of the Panel's interpretation of § 8–41–301(2)(b). Accordingly, we agree with the Panel's determination that claimant's temporary disability benefits were not limited to 12 weeks.

### IV.

Employer also contends that the ALJ made certain evidentiary errors. However, we agree with the Panel's resolution of these issues and therefore affirm and adopt the Panel's order concerning them.

The Panel's order is affirmed in part, set aside in part, and the cause is remanded to the Panel for further proceedings consistent with the views expressed in this opinion.

RULAND and ROY, JJ., concur.