2012 COA 139

**Helen M. RODRIGUEZ, Petitioner,**

v.

**INDUSTRIAL CLAIM APPEALS OFFICE of the State of Colorado; City of Brighton; and CIRSA, Respondents.**

**No. 11CA1868.**

Colorado Court of Appeals,
Div. I.

Aug. 16, 2012.

Rehearing Denied Sept. 13, 2012.

The Frickey Law Firm, Janet Frickey, Lakewood, Colorado, for Petitioner.

No Appearance for Respondent Industrial Claim Appeals Office.

Ritsema & Lyon, P.C., Kelly F. Kruegel, Denver, Colorado, for Respondents City of Brighton and CIRSA.

Opinion by Judge RUSSEL.

¶ 1 Helen M. Rodriguez appeals from an order issued by the Industrial Claim Appeals Office (panel) in favor of the City of Brighton and its insurer, CIRSA (collectively Brighton). Exercising jurisdiction under sections 8–43–307 and 13–4–102(2)(a), C.R.S.2011, we set the order aside and remand for further proceedings.

## I. Background

¶ 2 Rodriguez works for Brighton as a special events coordinator. One morning, she fell while descending the stairs to her office. She was injured and was taken to the emergency room. There, she received a CT scan and an MRI. These tests revealed unruptured brain aneurysms.

¶ 3 Brighton initially admitted liability for Rodriguez's disability and medical benefits. But it later sought to withdraw its admission, arguing that Rodriguez's injuries did not arise out of her employment.

¶ 4 The matter was brought before an administrative law judge (ALJ). After hearing evidence and arguments, the ALJ made the following findings and conclusions:

1. Because Brighton initially admitted liability, it bore the burden of proof under section 8–43–201(1), C.R.S.2011.

2. Rodriguez's fall was not caused by her aneurysms but was "unexplained."

3. Because Rodriguez's fall was unexplained, her injuries were not compen-

sable. Brighton therefore sustained its burden of proving non-compensability and could withdraw its admission of liability.

¶ 5 Rodriguez appealed to the panel, which issued a written opinion affirming the ALJ's order.

## II. Discussion

¶ 6 Rodriguez contends that the ALJ erred in ruling that her injury was not compensable. Here is her argument:

*Legal premise* Uncertainty about the cause of an injury cannot properly bar a workers' compensation claim if every one of the potential causes satisfies the conditions of recovery.

*Factual premise* The ALJ found that the fall was not caused by Rodriguez's aneurysms. In light of this finding, and in light of the evidence presented, there is only a narrow range of potential causes. Every one of those potential causes satisfies the conditions of recovery.

*Conclusion* The ALJ erred in denying compensation.

¶ 7 We agree with Rodriguez's legal premise. But we think it unnecessary to decide whether the record supports her factual premise. Instead, assuming that Rodriguez's fall is "unexplained," we conclude that she nevertheless is entitled to compensation.

¶ 8 An employee may recover for accidental injuries "arising out of and in the course of the employee's employment." § 8–41–301(1)(c), C.R.S.2011.[1] An injury "arises out of" employment if it is caused by some risk distinctly associated with the claimant's work:

The term "arises out of" refers to the origin or cause of an injury. There must be a causal connection between the injury and the work conditions for the injury to arise out of the employment. An injury "arises out of" employment when it has its origin in an employee's work-related functions and is sufficiently related to those

---

1. It is undisputed that Rodriguez sustained an injury in the course of her employment. We therefore focus on the "arising out of" element.

functions to be considered part of the employee's employment contract.

*Horodyskyj v. Karanian,* 32 P.3d 470, 475 (Colo.2001) (citations omitted).

¶ 9 Ordinarily, a claimant bears the burden of establishing the conditions of recovery. *See* § 8–43–201, C.R.S.2011. Therefore, when an ALJ finds that a fall is "unexplained," the claimant may be faulted for failing to prove that her injuries arose out of her employment. *See, e.g., Finn v. Indus. Comm'n,* 165 Colo. 106, 108–09, 437 P.2d 542, 543–44 (1968) (claimant's injuries were not compensable because he failed to show that they were triggered by work conditions and not by "some mysterious innerbody malfunction"); *Irwin v. Indus. Comm'n,* 695 P.2d 763, 766 (Colo.App.1984) (claimant's injuries were not compensable because she had a history of blacking out and losing consciousness, and she did not otherwise establish that her injuries arose out of her job).

¶ 10 Here, however, the burden was shifted from the claimant to the employer. Because Brighton initially admitted liability, it was required to prove that Rodriguez's injury *did not* arise out of her employment. *See* § 8–43–201(1), C.R.S.2011 ("[A] party seeking to modify an issue determined by a general or final admission ... shall bear the burden of proof for any such modification."). And in that procedural context, the ALJ's finding—that the fall was unexplained—signals a failure of proof on Brighton's part.[2]

¶ 11 In light of Brighton's failure to sustain its burden of proof, we conclude that the ALJ erred in allowing it to withdraw its admission of liability. We set aside the panel's order and remand to the ALJ with directions to reinstate Brighton's general admission and to conduct further proceedings as necessary. *See* § 8–43–308, C.R.S.2011 (court of appeals may set aside a workers' compensation order on the grounds that the findings of fact do not support the order or

that the denial of benefits is not supported by applicable law).

¶ 12 The order is set aside and the case is remanded for further proceedings.

Judge TAUBMAN and Judge PLANK * concur.

**2.** Brighton presented evidence that Rodriguez's fall was caused by her aneurysms. But the ALJ rejected that evidence, and we are bound by that factual finding. *See Metro Moving & Storage Co. v. Gussert,* 914 P.2d 411, 415 (Colo.App.1995) (reviewing court defers to the ALJ's resolution of conflicts in the evidence, including the medical evidence).

