No. 12,512.

McKnight *v.* Houck et al.

(286 Pac. 279)

Decided March 17, 1930.

Mr. Charles H. Smith, for plaintiff in error.

Mr. Robert E. Winbourn, Attorney General, Mr. Arthur L. Olsen, Assistant, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

This is an Industrial Commission case, and we hereinafter refer to plaintiff in error as plaintiff, to her deceased son, Fay Clifford McKnight, as Fay, to defendant in error Houck as Dr. Houck, to the Industrial Commission of Colorado as the commission, and to one Howard Arnot as Howard.

While employed on the ranch of Dr. Houck, Fay was killed by a pistol in the hands of Howard, a fellow employee. All were, admittedly, within the terms of our industrial compensation act, and plaintiff filed her claim thereunder. Referee, commission and court, have each in turn found against her. To review the final judgment of the latter she prosecutes this writ, alleging: (1) That the commission did not act within its powers; and (2) that its findings of fact do not support its award. Her counsel says there is no conflict in the evidence and hence asks us to consider it as the "findings of fact" under *Prouse v. Industrial Com.*, 69 Colo. 382, 194 Pac. 625. This will simplify the problem by reducing it to this, nothing more, Did the accident which caused the death of Fay arise out of his employment?

October 27, 1928, Fay and Howard, having finished milking at the ranch of Dr. Houck, were sent by his foreman to a distant pasture to count cattle and directed to go prepared to shoot any coyotes or dogs which might be found there running the stock. They did as directed, returned, stabled their horses, and started for the bunkhouse. On the way "each drew their guns to see which one could draw it the quicker and some way the gun went off and shot the boy," says the foreman, an eyewitness. Howard testified, "he made a draw for his gun and turned and as he turned I drawed and it went off."

This gun play was no part of the duties of the boys and there is no evidence that their employer had knowledge of such previous practice. The two had stepped aside from their employment and were amusing themselves in a manner utterly foreign to it. This was no industrial accident. It is entirely unrelated to those cases in which an employee, attending to his duties, is murdered by a third person. Neither is there here any question of non-participation of deceased in the play, nor of the acquiescence of the employer. Had these boys, by agreement, stopped in the barnyard and fought a duel, resulting in the death of one, the claim of his de-

pendents for compensation under the act could have been supported by every argument made and every authority cited here, and with equal plausibility.

Counsel for plaintiff repeatedly refers to "the doctrine of horseplay." We do not think there is any such thing. One might as well speak of the doctrine of scuffling, or of wrestling, or of· boxing, or of tickling. Certainly this court does not intend to establish any such doctrine. An accident "arises out of" the employment, or it does not. Beyond that it is wholly immaterial in what fanciful or artificial class it may be catalogued.

Counsel for plaintiff cites *Industrial Com. v. Enyeart,* 81 Colo. 521, 524, 256 Pac. 314; his opponent cites *Industrial Com. v. Anderson,* 69 Colo. 147, 169 Pac. 135, L. R. A. 1918F, 885. Each holds that an accident arises out of an employment when there is "a causal connection between the conditions under which the work is required to be performed and the resulting injury." There is no such connection here.

The judgment is affirmed.

MR. CHIEF JUSTICE WHITFORD, MR. JUSTICE BUTLER and MR. JUSTICE MOORE concur.