## No. 13,457.

ROCKY MOUNTAIN FUEL COMPANY ET AL. *v.* KRUZIC ET AL.

(30 P. [2d] 868)

Decided February 26, 1934. Rehearing denied March 19, 1934.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. FRED S. CALDWELL, for defendants in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

The employer plaintiff will be referred to as the company and defendants in error as claimant and the commission.

It is not disputed that claimant was employed by the company at the time of the injury. The only evidence before the commission concerning the injury was that of Kruzic, the claimant. His testimony furnishes a sufficient statement of the facts, and in substance is as follows:

"That on June 6, 1933, while working at a timber camp (conceded to be operated by respondent employer) one John Senko shot him in the chest, the bullet entering his right chest and lodging near the spine; Senko had been employed at the camp, but had been without a job for fifteen days; claimant had had no trouble with Senko; on this day he just walked up and shot claimant without saying anything; he stayed about fifteen minutes and talked to claimant, but claimant did not know what he meant, and after he came and shot claimant without saying a word; he told claimant something, when he shot him, but claimant didn't know what it was; he was shot fifteen or twenty yards away; they had not worked together at the same job; at the time of the shooting claimant and John Nazzi were working together putting ties on a car; Howard, the boss, was fifteen to twenty feet away—he and Senko did not talk to each other before the shooting; when Senko was coming to the claimant, as he shot him, he told the claimant something which the latter could not understand; claimant didn't know why Senko shot him; both Senko and claimant are Slavs, but speak different dialects and claimant could only understand a little of Senko's talk; claimant had never seen Senko until the latter came to work at the camp, they did not work together or go about together; they occupied separate cabins about two or three hundred yards apart, in which they

'bached.' At the time of the shooting Senko was not working, had been idle about fifteen days, just staying in one of the cabins in the camp and getting his supplies at the commissary; anybody could buy at the commissary."

Upon this evidence alone, the referee for the commission entered his award for claimant on September 14, 1933, which was made final by the commission on October 25, 1933. To vacate this award of the commission, the company filed suit in the district court, which, on December 4, 1933, by its judgment affirmed said award. The company asks this court to reverse that judgment on the grounds that the commission acted without and in excess of its powers in finding that the injury arose out of and in the course of employment; and that the finding is not supported by any evidence whatever.

The answer to the following, which is a most difficult question, will furnish a determination of this case: Did the injury arise out of and in the course of the employment? To answer in the affirmative, we must first find that the accident originated in a risk peculiar to the employment, and that there is a causal connection betweeen the employment and the accident or injury. "An accident arises out of an employment when there is a causal connection between the conditions under which the work is required to be performed and the resulting injury." *McKnight v. Houck*, 87 Colo. 234, 286 Pac. 279, and cases cited.

The burden rested on the claimant to establish such facts as were necessary to a legal award based upon a causal connection between the accident and the employment. The basis of such facts must be more than a mere possibility. We do not think that burden has been sustained.

No one testified that claimant was shot because he was in the employ of the company or because, or by reason of, any other fact, connected with the work in

which he was engaged. To "arise out of" the employment, unmistakably means that the cause of the accident was at all times "in" the employment. It could not come out of it, unless it was first in it. Does the fact, that for no reason assigned in, or explained by, the evidence, an assailant shot the claimant while at work, make the accident one reasonably incident to his employment? This could have happened to him at any other time or place. It is not shown that the employment in any way brought on the attack. It was a wilful assault, unexplained by a single word of the evidence; and any reason therefor unknown to the claimant, according to his testimony. Unless the reason for the attack is shown by the evidence to be in some way peculiar to the employment, then it must be assumed to have been foreign thereto. Before claimant can secure the benefits of the Workmen's Compensation Act, he must trace the injury to a connection with the employment as a contributing proximate cause. "The cases seem to hold that the test is whether or not there is a causal connection between the injury and the employment; that is, are they so connected that the injury naturally resulted from the employment." *Industrial Com. v. Pueblo Co.,* 71 Colo. 424, 207 Pac. 479.

The case at bar presents its own peculiar facts and seems to be singularly lacking in evidence that apparently could have been produced. In determining the application of the compensation laws, courts have been extremely liberal, almost to the extent of eliminating the matter of the injury growing out of the employment, and resting upon the fact that the injury was suffered in the course of the employment. Such a holding in this case would be equivalent to an amendment of the statute.

██ In the light of the facts in the case, as shown by the evidence, we conclude that the injury did not "arise out of and in the course of the employment." Therefore, the commission acted without and in excess of its powers in awarding compensation to claimant and the judgment

of the trial court affirming the award was erroneous and is reversed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE BURKE concur.