## No. 13,559.

CLAYTON COAL COMPANY ET AL. *v.* DE SANTIS ET AL.

(35 P. [2d] 492)

Decided July 23, 1934.

Mr. FRANK C. WEST, for plaintiffs in error.

Mr. PAUL P. PROSSER, Attorney General, Mr. M. S. GINSBERG, Assistant, Mr. ALBERT E. ZARLENGO, Mr. ANTHONY F. ZARLENGO, for defendants in error.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

THIS is a workman's compensation case.

Louis De Santis worked for Clayton Coal Company. On October 18, 1933, he sustained an accidental injury arising out of and in the course of his employment. He was awarded compensation, which award was affirmed by the district court. The company and the insurance carrier, the Employers' Mutual Insurance Company, contended before the commission and before the district court, and renew the contention here, that the compensation should be reduced 50 per cent, pursuant to section 4457 of the Compiled Laws, which provides: "The compensation provided for herein shall be reduced fifty per cent: * * * (b) Where injury results from the employe's wilful failure to obey any reasonable rule adopted by the employer for the safety of the employe."

While digging coal in the company's mine, the claimant and his co-worker lighted fuses to set off four or five shots. He heard the shots and knew that one had missed fire. About fifteen minutes after hearing the shots he went back, and the missed-shot exploded, destroying the vision of his right eye and causing other facial disfigurement. The claimant testified that there was no regular shot-firer at the mine; that the diggers all fired their own shots; that he had to fire the shots as the man supposed to do that work was not there; that there was no rule regarding shot-firing posted at the mine; that the superintendent and mine foreman told him nothing regarding shot-firing; that no one ever told him how long to wait before going back to a missed-shot, except that it was said among the miners that they had to wait fifteen minutes.

It is clear from the evidence that the company had no rule relating to the conduct of workmen where there is a missed-shot. But counsel for the company and the insurance carrier refer us to section 3594 of the Compiled Laws (a section in the Coal Mining Act), which provides that "where a shot has mis-fired, and where fuse is used no person shall enter such working place until four hours have elapsed from the time of such misfiring." It is said that in going back when he did, the claimant violated the statute and thereby forfeited 50 per cent of his compensation. That section of the Coal Mining Act has no application to the present case. If the claimant were suing for damages for negligence, his violation of that section would constitute negligence on his part, and as it contributed to the accident, the result would be, not that the claimant's recovery would be reduced 50 per cent, but that he could recover nothing at all. But the Workmen's Compensation Act has abolished the defense of contributory negligence where the workman's want of care is not wilful. C. L. §4386. It is only where the employer has adopted a rule for the safety of the workmen, and that rule is a reasonable one, and a workman wilfully fails to obey it, that the compensation of the workman is reduced 50 per cent. Section 4457, supra. In this case the employer had no rule concerning missed-shots.

The commission made the following findings: "The testimony indicates that the claimant had had fourteen years' experience in the mines but that he had not prior to that time worked in a mine where the men were required to fire their own shots. That he could read only imperfectly and that no instructions in shot-firing were given him. It further indicates that the man supposed to fire the shots was not available on the date of the accident. * * * Considering all the evidence, the Commission finds that the respondents' contention that the accident was due to a violation of a reasonable safety rule cannot be sustained."

The district court was right in affirming the findings and award of the commission.

The judgment is affirmed.

MR. JUSTICE CAMPBELL and MR. JUSTICE HOLLAND did not participate.