**Linda KATER, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF the STATE OF COLORADO and Cresthills, Inc., and/or Hillcrest Construction Company and/or Professional Development and Investment Company, Respondents.**

No. 85CA1088.

Colorado Court of Appeals, Div. I.

Oct. 9, 1986.

Steven U. Mullens, P.C. and James A. May, Colorado Springs, for petitioner.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen. and Kathryn J. Aragon, Asst. Atty. Gen., Denver, for respondent Industrial Com'n.

Clawson, Potter & Gardner, P.C. and Kimball Gardner, Colorado Springs, for respondents Cresthills, Inc., Hillcrest Const. Co. and Professional Development and Inv. Co.

ENOCH, Chief Judge.

In this workmen's compensation case, Linda Kater (claimant) seeks review of a final order of the Industrial Commission denying her claim for benefits. She challenges the Commission's conclusion that the injury in question did not arise out of and in the course of her employment. We affirm.

Claimant's employment duties consisted of general clean up of condominium units. Claimant testified that employees were allowed a fifteen minute break in the morning and a forty-five minute break for lunch, but were expected to work straight through the afternoon, without a break.

Claimant further testified that at the time she was injured it was late in the afternoon, she and a co-worker were bored, and they decided to take a break. During that break, claimant was showing the co-worker a dance step. In the process of jumping up and down, claimant's knee went out of joint. Claimant admitted that she was not performing any job duties at the time of her injury.

The Commission, reversing the hearing officer's decision, found that claimant, during an apparently unauthorized break, engaged in conduct which was for her own sole benefit and purpose, and which neither conferred a benefit on her employer nor was related to her employment duties. Characterizing claimant's conduct as voluntary horseplay, it held that claimant, by her conduct, had stepped aside from her employment entirely and that, therefore, claimant's injury did not arise out of and in the course of her employment.

■ On review, claimant contends that she was not engaged in horseplay when the injury occurred. Rather, she asserts that it was not unreasonable for her to be showing a fellow employee a dance step during a rest break, especially in view of the fact that she was a young person performing a rather dull work activity. We find no merit to claimant's argument.

■ To be compensable, an injury must arise out of and in the course of employment. Section 8–52–102(1)(b), C.R.S. (1986 Repl.Vol. 8B). If the acts of an employee at the time of the injury are for the employee's sole benefit, then the injury does not arise out of and in the course of employment. *Brogger v. Kezer*, 626 P.2d 700 (Colo.App.1980). The record demonstrates that the activity of the Claimant at the time of her injury was for her sole benefit.

■ Claimant contends that her activity was not unreasonable under the circumstances. Here, however, we are concerned with the issue of whether the activity arose out of and in the course of employment.

The reasonableness of the activity is irrelevant to that determination.

Order affirmed.

SMITH and METZGER, JJ., concur.