CITY OF LAS ANIMAS and Colorado Compensation Insurance Authority, Petitioners,

v.

Jerry D. MAUPIN; The Industrial Claim Appeals Office of the State of Colorado; and Director, Division of Labor, Respondents.

No. 90CA0632.

Colorado Court of Appeals, Div. IV.

Dec. 6, 1990.

Colorado Compensation Ins. Authority, John Berry, Denver, for petitioners.

Cynthia M. Pring, Colorado Springs, for respondent Jerry D. Maupin.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Carol A. Finley, Asst. Atty. Gen., Denver, for respondents Industrial Claim Appeals Office and Director, Div. of Labor.

Opinion by Judge MARQUEZ.

Petitioners, City of Las Animas (employer) and Colorado Compensation Insurance Authority, contest the final order of the Industrial Claim Appeals Office (Panel) which upheld an award by an Administrative Law Judge (ALJ) of workers' compensation benefits to Jerry D. Maupin (claimant). We affirm.

Claimant, a lineman, suffered injury when he sustained an electrical shock while changing a power line in the course of his employment. Employer's safety rule required employees always to wear rubber gloves while working on lines. Claimant testified that he removed a glove because employer's equipment was faulty, and he could not operate certain machinery while wearing the glove.

After a hearing, the ALJ found that the petitioners had decreased claimant's temporary total disability benefits by 50% on the ground that claimant had violated a safety rule by failing to wear the glove. However, the ALJ determined that employer was not entitled to the 50% benefit reduction provided for in § 8–52–104(1)(a), C.R.S.

(1986 Repl.Vol. 3B) (now codified at § 8–42–112(1)(a), C.R.S. (1990 Cum.Supp.)).

The order was affirmed by the Panel which concluded that the ALJ had implicitly found to be credible claimant's testimony that he needed to remove his glove to perform his job. The Panel also concluded that this testimony supported a determination that claimant's safety violation was not willful. Additionally, the Panel affirmed on the ground that the ALJ implicitly determined that petitioners did not sustain their burden of proving that the proximate cause of claimant's injury was his failure to wear the glove.

Petitioners contend that the claimant's benefits should have been reduced by 50%. They argue that, although the doctrines of contributory and comparative negligence are inapplicable to workers' compensation proceedings, the ALJ nevertheless applied these doctrines when she found that both parties were at fault.

■ Claimant concedes, and we agree, that contributory and comparative negligence are inapplicable here. *See Clayton Coal Co. v. De Santis*, 95 Colo. 332, 35 P.2d 492 (1934). However, because we agree with the Panel that the evidence supports a determination that claimant's violation of the safety rule was not "willful," we affirm the order.

■ Section 8–52–104(1), C.R.S. (1986 Repl.Vol. 3B) provides that compensation shall be reduced 50%:

"(a) Where injury is caused by the willful failure of the employee to use safety devices provided by the employer; [or]

(b) Where injury results from the employee's willful failure to obey any reasonable rule adopted by the employer for the safety of the employee."

The term "willful" as used in this statute means "with deliberate intent," *Bennett Properties Co. v. Industrial Commission*, 165 Colo. 135, 437 P.2d 548 (1968), and the burden of proof is on the employer to show that the employee willfully violated a safety rule. *Johnson v. Denver Tramway Corp.*, 115 Colo. 214, 171 P.2d 410 (1946).

However, "if the employee had some plausible purpose to explain his violation of a rule, the defenses of violation of safety rules or wilful misconduct are inapplicable." 1A A. Larson, *Workmen's Compensation Law* § 33.40 (1990). Several jurisdictions outside of Colorado have held that willfulness is not established if an employee violates a safety rule in order to facilitate the accomplishment of a task. *See Van Waters & Rogers v. Workman*, 700 P.2d 1096 (Utah 1985) (employee initially used safety glasses, but removed them when he had difficulty starting compressor on tank of acid); *American Steel Foundries v. Fisher*, 106 Ind.App. 25, 17 N.E.2d 840 (1938) (employee momentarily removed goggles in order to see conditions inside pit).

Here, claimant testified that the reason he removed his safety glove was to push a lever that would not stay down. Claimant believed that he could not operate certain equipment with the glove on and that pushing the lever with his bare hand would, under normal conditions, pose no safety threat. This evidence could support a finding that claimant's violation was not willful, and we perceive no error in the Panel's conclusion that the ALJ had implicitly so found.

Accordingly, there is substantial evidence in the record to support a finding that the employer was not entitled to a 50% benefit reduction, and therefore, the Panel's order will not be disturbed on review. *Prestige Homes, Inc. v. Legouffe*, 658 P.2d 850 (Colo.1983).

Order affirmed.

CRISWELL and DAVIDSON, JJ., concur.