**LORI'S FAMILY DINING, INC., and Colorado Compensation Insurance Authority, Petitioners,**

v.

**The INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO and Christopher Bingham, Respondents.**

No. 95CA0216.

Colorado Court of Appeals, Div. C.

Sept. 14, 1995.

Rehearing Denied Oct. 12, 1995.

Colorado Compensation Insurance Authority, Michael J. Steiner, Denver, for petitioners.

No appearance for the Industrial Claim Appeals Office.

Crane and Tejada, Bethiah Beale Crane, Douglas R. Ware, Durango, for respondent Christopher Bingham.

Opinion by Judge HUME.

The sole issue in this review from an order of the Industrial Claim Appeals Panel is whether claimant's injury, which occurred while he became involved in horseplay with co-employees, arose out of his employment. A divided division of the Panel concluded that it did, and affirmed the order of the Administrative Law Judge (ALJ) awarding benefits. We affirm.

The following facts are undisputed. Christopher Bingham (claimant) was employed as a busboy for Lori's Family Dining (petitioner), and his duties included emptying trash into a dumpster. On the date of his injury, claimant was carrying boxes to the dumpster when he met with two or three kitchen co-workers and "became engaged in conversation and teasing" with one of them. The "teasing escalated to a physical level" when claimant's leg was caught and held as he kicked at a co-worker. Claimant then fell to the ground and broke his right arm.

The ALJ found that "horseplay" was common among the employees of Lori's, that the employer did not approve of it, and that the managers verbally warned employees to stop such conduct. However, he also found that, although employer had a policy that an employee would be "written up" three times and then fired for horseplay, no employee had ever been disciplined under that policy. Accordingly, the ALJ concluded that claimant's conduct did not constitute a deviation from employment sufficient to preclude an award of workers' compensation benefits.

The ALJ further concluded that horseplay was an accepted, although not an endorsed, part of the employment because employer did not take violations of its own rule against horseplay seriously. Consequently, it concluded that claimant's violation of that policy was not "willful" within the meaning of § 8–42–112(1)(b), C.R.S. (1994 Cum.Supp.). Accordingly, the ALJ determined that imposition of a 50% penalty for violation of a safety rule was not warranted. A majority of the Panel affirmed.

A dissenting Panel member disagreed with the ALJ's reasoning that the employer's failure to take more severe disciplinary action, as permitted by its policy, established that the claimant did not depart from his employment when he engaged in horseplay. That member concluded that a reasonable employee would understand from the employer's repeated verbal warnings that such conduct was not acceptable, without needing to have the seriousness of the admonition proven to him by more severe disciplinary action. Thus, this member concluded that the claimant stepped aside from his employment when he began voluntarily engaging in the horseplay.

I.

It is undisputed that claimant's injury occurred "in the course of" employment. The issue presented here is whether the injury "arose out of" claimant's employment, i.e., whether there exists a causal connection between the work conditions and the injury.

Petitioners first contend that the claimant departed from the scope of his employment by engaging in "horseplay." We disagree.

Whether an injury arises out of employment is a question of fact and is resolved by examining the totality of the cir-

cumstances. *Triad Painting Co. v. Blair*, 812 P.2d 638 (Colo.1991). The "arising out of" component is satisfied if the conduct originates in work-related duties or responsibilities so as to be considered part of the service to the employer in connection with the contract of employment. *Popovich v. Irlando*, 811 P.2d 379 (Colo.1991). There is no requirement that the conditions of employment be the direct cause of the event that caused the injury. *Ramsdell v. Horn*, 781 P.2d 150 (Colo.App.1989).

■ An activity that is sufficiently related to the circumstances under which the claimant normally performs his or her duties is reasonably characterized as an incident of employment or a condition of the workplace. *City of Boulder v. Streeb*, 706 P.2d 786 (Colo. 1985). The fact that a claimant is the initial aggressor in assaultive behavior does not, in itself, render an injury non-compensable. *Banks v. Industrial Claim Appeals Office*, 794 P.2d 1062 (Colo.App.1990).

■ Horseplay regularly occurs in the workplace and frequently results in compensation cases involving industrial injury claims. *Woods v. Asplundh Tree Expert Co.*, 114 N.M. 162, 836 P.2d 81 (1992). Under the modern view, horseplay that has become a regular incident of employment, as distinguished from an isolated act, may constitute an insubstantial deviation from employment and may, therefore, not preclude an award of compensation to a participant who is injured during that conduct. 1A A. Larson, *Workmen's Compensation Law* § 23.00 at 5–178 (1995); *Woods v. Asplundh Tree Expert Co.*, *supra; Prows v. Industrial Commission*, 610 P.2d 1362 (Utah 1980).

■ A four-part test is applied to analyze whether initiation of, or participation in, horseplay is a deviation: (1) the extent and seriousness of the deviation; (2) the completeness of the deviation, *i.e.*, whether it was commingled with the performance of a duty or involved an abandonment of duty; (3) the extent to which the practice of horseplay had become an accepted part of the employment; and (4) the extent to which the nature of the employment may be expected to include some horseplay. 1A A. Larson, *Workmen's*

*Compensation Law, supra; Prows v. Industrial Commission, supra.*

Here, claimant's deviation was neither prolonged nor geographically distant from the place of employment. Rather, the deviation was commingled with claimant's duty to empty the trash.

As to the remaining elements of the test, the evidence was undisputed that horseplay was customary and countenanced by the employer, as demonstrated by its failure to enforce its policy regarding imposition of disciplinary action for that activity. Thus, such activity had become a regular part of the employment and was sufficiently related to the circumstances under which claimant normally performed his duties as to be reasonably characterized as an incident of employment or a normal condition of the workplace.

Since the findings and evidence support the Panel's majority conclusion that the claimant's injury is compensable as arising out of his employment, it is binding on review.

Both *McKnight v. Houck*, 87 Colo. 234, 286 P. 279 (1930) and *Kater v. Industrial Commission*, 728 P.2d 746 (Colo.App.1986), relied upon by petitioners, are distinguishable. In neither of those cases was there a showing that the conduct was anything other than an isolated incident. Thus, the circumstances in those cases are in direct contrast with the circumstances here, in which the horseplay was a regular activity of the work environment.

## II.

■ Petitioners also contend that the ALJ erred in failing to reduce claimant's benefits by 50% for his failure to obey a safety rule. We disagree.

■ A safety rule does not have to be either formally adopted or in writing to be effective. *Bennett Properties Co. v. Industrial Commission*, 165 Colo. 135, 437 P.2d 548 (1968). However, while application of § 8–42–112(1)(b) is mandatory, we agree with the majority Panel's conclusion that the conduct here was not willful within the meaning of that statute.

The intent of § 8–42–112(1)(b) is to establish a penalty to deter misconduct. *Wild West Radio, Inc. v. Industrial Claim Appeals Office*, 886 P.2d 304 (Colo.App.1994). The burden of proof is upon the employer to show that the employee willfully violated a rule. *City of Las Animas v. Maupin*, 804 P.2d 285 (Colo.App.1990).

The most frequent ground for rejecting imposition of a penalty, whether it be for violation of a safety rule or willful misconduct, is the lack of enforcement of the rule or policy by an employer with knowledge of and acquiescence in its violation. *See Pacific Employers Insurance Co. v. Kirkpatrick*, 111 Colo. 470, 143 P.2d 267 (1943) (rule against jumping on moving vehicles that was not diligently enforced could not be invoked to reduce compensation); 1A A. Larson, *Workmen's Compensation Law*, § 33.30 at 6–66 (1995).

Here, the ALJ found that employer was well aware of the employees' conduct in frequently engaging in horseplay and had established policies for dealing with such conduct, but it had never followed its own policies for disciplining employees for the prohibited conduct. The determination whether an employer has acknowledged and acquiesced in the employees' conduct or enforced its own rules is one of fact. *See City of Las Animas v. Maupin, supra.*

Accordingly, since the findings and evidence support the majority Panel's determination that employer condoned the horseplay by declining to impose sanctions in accord with its own policy regarding such conduct, that determination is binding on review. Therefore, full benefits were properly awarded.

Order affirmed.

MARQUEZ and RULAND, JJ., concur.