**Jacqueline REED, surviving spouse of Charles Reed, Petitioner,**

v.

**The INDUSTRIAL CLAIM APPEALS OF-FICE OF the STATE OF COLORADO, Hewlett Packard, and Liberty Mutual Insurance Company, Respondents.**

No. 99CA0084.

Colorado Court of Appeals, Div. V.

Jan. 20, 2000.

Rehearing Denied March 30, 2000.

Certiorari Denied Dec. 4, 2000.

Steven U. Mullens, Colorado Springs, Colorado, for Petitioner.

No Appearance for the Industrial Claim Appeals Office of the State of Colorado.

McCrea Keck & Buck, LLC, Margaret Keck, Denver, Colorado, for Respondent Hewlett Packard.

Zarlengo, Mott, Zarlengo and Winbourn, P.C., Scott M. Busser, Denver, Colorado, for Respondent Liberty Mutual Insurance Company.

Opinion by Judge DAVIDSON.

Petitioner, Jacqueline Reed (claimant), surviving spouse of the deceased employee, seeks review of the final order of the Industrial Claim Appeals Office (Panel) denying and dismissing her claim for penalties against Bruce McCrea, counsel for employer, Hewlett Packard. We affirm.

The lengthy procedural history of this case is set forth in the Panel's January 1999 order.

Department of Labor & Employment Rule XI(B)(2), 7 Code Colo. Reg. 1101–3, requires that every medical report that is not filed with the Division be exchanged with all parties within 15 working days of receipt. The timely supplementation of discovery responses is required by Department of Labor & Employment Rule VIII(E)(3), 7 Code Colo. Reg. 1101–3.

It is undisputed here that in response to interrogatories, employer's counsel advised claimant that three experts had been engaged to review the records compiled in the claim and were expected to testify or submit written reports concerning the cause of decedent's death. Reports were completed several months later and received by counsel within days of their completion. The reports were only forwarded to claimant after, in preparation for a scheduled hearing, claimant's counsel had renewed the request for "all medicals" in counsel's possession.

As pertinent here, claimant sought an order precluding use of the reports or, alternatively, a continuance of the hearing. Claimant also sought penalties under § 8–43–304, C.R.S.1999, for the alleged violation of Rules XI(B)(2) and VIII(E)(3) and sanctions under C.R.C.P. 37. The Administrative Law Judge (ALJ) granted a continuance of the hearing and denied the request for penalties and sanctions. On review, the Panel dismissed a portion of the petition for review and affirmed the denial of penalties and sanctions.

I.

■ Claimant first asserts that the Panel erred in determining that her failure to request specific findings of fact following the April 1998 procedural order precludes review of the penalty claim asserting violation of Rule XI(B)(2). We disagree.

■ The procedural filing requirements of the Workers' Compensation Act are jurisdictional and, therefore, must be strictly construed. *Schneider National Carriers, Inc. v. Industrial Claim Appeals Office*, 969 P.2d 817 (Colo.App.1998).

Section 8–43–215, C.R.S.1999, provides that a party dissatisfied with a written summary order issued by an ALJ may request specific findings of fact and conclusions of law within 15 days after the date of the certificate of mailing of the summary order.

Such a request is a prerequisite to a petition for review filed under § 8–43–301, C.R.S. 1999.

Here, after hearing extended oral argument on March 12, 1998, the ALJ determined that the physician's reports were medical reports, but concluded that employer's counsel had a rational argument for his contrary interpretation that the reports were physician reports rather than medical reports. The ALJ repeated her conclusion several times during the hearing and claimant indicated an understanding of that ruling. If there was any confusion regarding the discussion at the hearing, on April 2, 1998, the ALJ clarified that she had ruled on the issue whether the reports were physician reports or medical reports and had concluded that counsel's argument was rational.

In the written summary order of April 16, 1998, the ALJ explicitly stated that "[p]enalties against [counsel] under 8–43–304 C.R.S. pursuant to Rule XI(B)(2) are denied. The Court determined that [counsel] had a rational basis in law for his conduct."

We agree with the Panel that the ALJ's order of April 1998 explicitly provided that the issue of penalties for violation of Rule XI(B)(2) was resolved at the March 1998 hearing and unequivocally dismissed that claim. Because it is undisputed that claimant failed to request specific findings of fact and conclusions of law within 15 days of the April 1998 order, she failed to preserve this issue for review. We also agree with the Panel that there is no basis for concluding that claimant reasonably relied on an erroneous or misleading statement or ruling of the ALJ concerning the necessity for filing a request for specific findings of fact and conclusions of law.

## II.

Claimant also contends that the Panel erred in determining that counsel's failure to supplement discovery did not warrant the imposition of penalties, costs, and fees pursuant to § 8–43–304(1), C.R.S.1999. We disagree.

## A.

Section 8–43–304(1) provides for the imposition of a penalty up to $500 per day if a party fails or refuses to perform a duty lawfully required within the time prescribed, for which no penalty has been specifically provided. The penalty provided in that section applies only when there is not a specific penalty for the violation. *Sears v. Penrose Hospital*, 942 P.2d 1345 (Colo.App.1997).

Section 8–43–207(1)(e), C.R.S.1999, provides that the director or ALJ "may rule on discovery matters and impose sanctions provided in the rules of civil procedure for willful failure to comply with permitted discovery." Because Rule VIII(E)(3) is a form of permitted discovery, the Panel correctly concluded that the sanctions referred to by § 8–43–207(1)(e) are those found in C.R.C.P. 37. *See Sheid v. Hewlett Packard*, 826 P.2d 396 (Colo.App.1991) (dismissal authorized for persistent failure to comply with discovery orders). Therefore, no separate penalty may be imposed under § 8–43–304(1).

## B.

The ALJ found that counsel had promptly responded to claimant's initial discovery, but had failed to supplement discovery by timely forwarding the expert reports to claimant. The ALJ also found that claimant's counsel did not file either a certification that he had made good faith efforts to confer with employer or a motion to compel. The ALJ thus concluded that employer's counsel's conduct was not willful, and that, even if there had been willful noncompliance with the rule, claimant did not take any additional action to secure supplementation of the discovery. Therefore, the ALJ denied claimant's request for the imposition of sanctions under C.R.C.P. 37, including attorney fees and costs.

Claimant argues that because the ALJ did not permit the examination of counsel, claimant did not have an opportunity to establish that counsel's conduct was willful. Claimant also argued that she was not required to file a motion to compel. The Panel did not address these specific arguments. However, under § 8–43–312, C.R.S.1999, this court

may order entry of a proper award upon the findings as the nature of the case shall demand. *See Coates, Reid & Waldron v. Vigil,* 856 P.2d 850 (Colo.1993) (when findings of ALJ were not in dispute, it was appropriate for the court of appeals to order entry of judgment).

A court is justified in imposing a sanction under § 8–43–207(1)(e) if a party's disobedience of discovery orders is intentional or deliberate or if the party's conduct manifests either a flagrant disregard of discovery obligations or constitutes a substantial deviation from reasonable care in complying with discovery obligations. *Sheid v. Hewlett Packard, supra; see also Sears v. Penrose Hospital, supra* (meaning of "willful" as used in § 8–43–401, C.R.S.1999); *City of Las Animas v. Maupin,* 804 P.2d 285 (Colo.App. 1990) (whether violation of safety rule was willful).

A finding of reasonableness precludes a finding of willfulness. *Sears v. Penrose Hospital, supra.*

Claimant points out that the ALJ's oral comments on this issue were inconsistent because the ALJ characterized counsel's conduct as both "rational" and as "completely lacking in common sense." However, if there is a conflict between oral and written findings, it is the written order that controls. *See Koontz v. Rosener,* 787 P.2d 192, 195 (Colo.App.1989) ("A court's remarks or expressions of opinion made during or at the end of a trial are not necessarily formal findings of fact prepared as a basis for a judgment.").

Here, we conclude that the ALJ's written finding stated that counsel's conduct was rational. Such a finding precludes a determination that counsel's conduct was willful. *See Sears v. Penrose Hospital, supra.* We also conclude that, under the plain language of C.R.C.P. 37, in determining the propriety of awarding sanctions, the ALJ could properly consider the efforts made by both sides to facilitate communication and exchange information.

III.

Finally, claimant asserts that the ALJ erred in refusing to impose sanctions for the discovery violations by prohibiting the presentation of the reports that were not timely provided to her. We agree with the Panel that this portion of the order is not final.

Section 8–43–301(2), C.R.S.1999, provides that a party may file a petition to review an order "which requires any party to pay a penalty or benefits or denies a claimant any benefit or penalty."

Here, the order denying sanctions under C.R.C.P. 37 does not constitute a denial of a penalty for purposes of § 8–43–301(2) because it does not require the payment of a sum of money for violation of an order or refusal to perform a duty. *See American Express v. Industrial Commission,* 712 P.2d 1132 (Colo.App.1985). Further, that portion of the order concerns a procedural ruling and, therefore, does not constitute a final, appealable order.

Order affirmed.

Judge TAUBMAN and Judge KAPELKE concur.